### In re SCHUJAHN.

### SCHOTT v. GLAUSER et al.

#### (Circuit Court of Appeals, Seventh Circuit. October 7, 1902.)

#### No. 884.

1. EXECUTORY SALE.

A contract reciting: "Sold to-day to G. & E. two hundred and twenty-five (225) cases of fall made Brick Cheese as follows: One hundred (100) cases to be shipped at once. These hundred cases I sell to G. & E. at 10¼c per pound, if the cheese is accounted for between now and December first. If G. & E. do not account for this lot before the first of December at 10¼c per pound they may do so at any time between December first and January first at the then ruling market price. I agree to pay the storage on this lot up to the time of the final acceptance by G. & E. One hundred and twenty-five (125) cases are to be kept by me in factory subject to G. & E.'s order and may be accounted for by them under the same conditions as the above hundred (100) cases, the price between now and the first of December to be 10½c for the hundred and twenty-five cases, and after the first of December the market price," etc.—shows a mere executory sale, and does not pass the title in præsenti.

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

The substantial facts of this cause are as follows: Frank Schujahn, a manufacturer of cheese in Dodge County, Wisconsin, on the 28th of October, 1901, entered into a contract with appellees, cheese dealers in Chicago, in the terms following:

"Chicago, Oct. 28, 1901.

Sold today to Glauser & Ehrat two hundred and twenty-five (225) cases of fall made Brick Cheese as follows: One hundred (100) cases to be shipped at once. These hundred cases I sell to Glauser & Ehrat at 10¼c per pound, if the cheese is accounted for between now and December first. If Glauser & Ehrat do not account for this lot before the first of December at 10¼c per pound they may do so any time between December first and January first at the then ruling market price. I agree to pay the storage on this lot up to the time of the final acceptance by Glauser & Ehrat.

One hundred and twenty-five (125) cases are to be kept by me in factory subject to Glauser & Ehrat's order and may be accounted for by them under the same conditions as the above hundred (100) cases, the price between now and the first of December to be 10½c for the hundred and twenty-five cases, and after the first of December the market price.

All this cheese is to be of strictly fancy quality and guaranteed to hold out in weight.         Frank Schujahn."

Schujahn was, at the time of the making of this contract, insolvent; but appellees had no notice of such insolvency. On the same day appellees

delivered their check to Schujahn for $2,000, and took from him his promissory note for the same sum, payable at sight, with six per cent. interest, and containing a power of attorney authorizing confession of judgment. The check was paid to Schujahn in due course of business.

November 9th, 1901, Schujahn was adjudged a bankrupt upon his voluntary petition, and Schott, appellant, was in due course elected and qualified as trustee.

November 2nd, 1901, a large portion of the property of Schujahn was seized upon attachment; and with knowledge of this fact, and of Schujahn's then insolvency, November 4th, 1901, the following contract was entered into between the parties:

"Chicago....................190..

Agreement entered into today between Frank Schujahn, party of the first part, and Glauser & Ehrat, party of the second part. Frank Schujahn agreed to deliver to Glauser & Ehrat two hundred and twenty-five (225) case of fall made Brick Cheese f. o. b. cars Rubicon and Hartford, Wisconsin. Said Frank Schujahn agrees to deliver hundred (100) cases of the above Cheese at once and (125) one hundred and twenty-five cases between today and January first, 1902.

Glauser & Ehrat agree to pay said Frank Schujahn at the rate of ten and one quarter (10¼c) cents per pound for the first mentioned hundred (100) cases of Brick Cheese and they agree to pay at the rate of ten and one-half cents (10½c) for the other one hundred and twenty-five (125) cases of Brick Cheese. They also agree to advance said Frank Schujahn two thousand dollars ($2000) in cash on these two hundred and twenty-five (225) cases now in the cellars of his factories situated in Hartford and Huilsberg, Wisconsin, receipt of which is hereby acknowledged by him.

Frank Schujahn.

Chicago, October 28th, 1901."

The petition of appellees was to have the cases of cheese named in the contract of October 28th, declared appellees' property; and set the same apart to them. On this petition the referee ruled adversely to appellees; but upon review, the ruling was reversed by the District Court, and an order entered requiring the trustee to deliver the cases of cheese to the appellees as the property of the appellees. From this order this appeal is prosecuted.

Jackson B. Kemper, for appellant.

Harry M. Silber, for appellees.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge, after stating the foregoing facts, delivered the opinion of the Court:

It is unnecessary to pass upon the effect of the memorandum agreement of November 2nd. The case turns on whether the memorandum agreement of October 28th constitutes an executed sale of the cheese, whereby the title passed from Schujahn to the appellees.

We are of the opinion that the sale was executory merely, to be completed in the future by the delivery to, and acceptance by the appellees. The contract provides for final acceptance in futuro, and it seems plain that if any of the cheese had not been of the quality named, rejection would have been within the power of the appellees. The transaction was thus incomplete, remaining open to some further act upon the part of the appellees. A transaction thus situated is not such sale as passes in præsenti the title to the property.

The order appealed from will be reversed, with instructions to the District Court to enter an order dismissing the petition of the appellees.