**HAAS BROS. v. McLAUGHLIN, Commissioner of Internal Revenue.**

No. 5998.

Circuit Court of Appeals, Ninth Circuit.
March 24, 1930.

382

I. I. Brown and Thomas, Beedy, Presley & Paramore, and George Stoker, all of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and Chellis M. Carpenter and Esther B. Phillips, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge (after stating the facts).

It is conceded that, the contracts being made in and to be performed in California, the laws of that state control. Section 1140 of the California Civil Code provides: "The title to personal property, sold or exchanged, passes to the buyer whenever the parties agree upon a present transfer, and the thing itself is identified, whether it is separated from other things or not."

It is obvious that neither the coffee nor fruit, etc., was identified at the execution of the contract. Neither does it appear that any of the merchandise was set apart or used by appellant as his own—appropriated—at any time during the years in question. In Blackwood v. Cutting Packing Co., 76 Cal. 212, 18 P. 248, 251, 9 Am. St. Rep. 199, the court holds a like agreement was not a sale in præsenti. Referring to section 1140, the court said: "This section does not dispense with identification. On the contrary, it requires it. It only dispenses with segregation when the property is otherwise identified."

In Todd v. Lyon, 55 Cal. App. 67, 202 P. 899, 901, there was no question of identity. The court said: "They are sufficiently described as being the entire stock of merchandise located in the store of plaintiff at La Mesa."

See, also, Walti v. Gaba, 160 Cal. 324, 116 P. 963; American Factors, Ltd., v. Goss, 72 Cal. App. 742, 238 P. 121; Wanee v. Thomas, 75 Cal. App. 231, 242 P. 509; In re Schujahn (C. C. A.) 120 F. 938; Gage Lumber Co. v. McEldowney (C. C. A.) 207 F. 255; Robinson Bros. & Co. v. Patterson (C. C. A.) 210 F. 839; Stamford Extract Mfg. Co. v. Oakes Mfg. Co. (C. C. A.) 9 F.(2d) 301.

Williston on Sales, p. 520, says: "Sec. 17. No property passes until goods are ascertained. * * *"

Again, page 522: "The earliest conceivable moment for transfer of the property in such a case is when the goods become identified; and generally, if not universally, the property will not pass until not only the goods are identified, but some agreed act of appropriation has taken place."

No coffee was specified; no carrying steamer was named; privilege of delivering "spot" coffee and of selecting or grading "any arrivals" of coffee so as to make it uniform was retained—negatives identification or appropriation. The fact that the seller had fruit at the close of 1920 to meet the contract, in its warehouses, as to time and grade, since none was segregated or set apart, is not material. The fungible mass doctrine has no application. The appellants were not to take a part of a larger mass of like kind.

The conduct of the appellant is significant. At the time the contracts were a live issue, Regulation 45, article 1581 (Revenue Act of 1918, promulgated Jan. 28, 1921; amended March 3, 1922, Treasury Decision 3296, vol. 24, 1922) applicable at the time, which has the force of law, provided: "A purchaser should include in inventory merchandise purchased, title to which has passed to him, although such merchandise is in transit or for other reasons has not been reduced to physical possession, but should not include goods ordered for future delivery, transfer of title to which has not yet been effected."

Claiming losses on property in income tax returns, when not supported by inventory as required by law, is not persuasive. The appellant may not "blow hot and cold" at the same time. Its conduct is in harmony with the last provision of Regulation 45, supra, and corroborates the record, that the merchandise was not identified, nor were the goods set apart to, or used by, appellant at any time during 1919 and 1920, respectively. The fact that appellant paid storage and insurance for December, 1920, in view of the record, is of no importance.

None of the cases cited by appellant derogate from the foregoing. To apply, analyze, or distinguish the cases cited would serve no useful purpose and unduly lengthen this opinion.

The District Court was right. Affirmed.