## Commonwealth v. Cerulla, Appellant.

Submitted September 19, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*S. Richard Klinges, III,* for appellant.

*Stephen B. Harris,* First Assistant District Attorney, and *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., November 16, 1972:

The facts of this case are not in dispute. At approximately midnight of March 16, 1970, police entered a

Bucks County apartment which was under the control of defendant Cerulla and, as expected,[1] discovered a game of poker in progress. Entry to the apartment was gained by a passkey supplied by the manager of the building; the police had obtained a search warrant prior to entry.

The Commonwealth concedes that the police made no announcement as to presence, identity, or purpose until they had stepped through the door and stated, "Police; this is a raid, everyone stay where they are." Nor was there any indication of attempted flight or destruction of the evidence on the part of the apartment occupants prior to the entrance by police. The failure to announce was explained by a detective on the basis of a belief that the evidence would have been concealed had the presence of the officers been made known. But no reason for this belief is suggested by the Commonwealth other than the fact that evidence of gambling at cards is by its nature easily destructible.

When the police entered, the defendant and various other individuals were seated around a dining-room table. The officers confiscated two decks of playing cards and $223 in currency from the table, as well as 18 decks of cards from the top of a refrigerator in the kitchen. They discovered, but did not seize, an additional $1,660 on the persons of individuals within the apartment. The defendant was arrested and later indicted for allowing an assemblage for gambling and for setting up and maintaining a gambling establishment.

On October 27, 1971, Judge John Justus BODLEY of the court below denied defendant's application for sup-

---

[1] A previous raid of the premises, on September 4, 1969, resulted in a number of gambling arrests; some of the persons present on that date were also present on March 16, 1970. In the interim, police had observed numerous indications that the original raid had not terminated the card playing.

pression of evidence resulting from the search. Subsequently, on October 29, 1971, a jury found defendant guilty on both counts of the indictment. The court en banc, by a 7-2 vote, denied defendant's motions in arrest of judgment and for a new trial.[2] On appeal, defendant argues that the manner of execution of the search warrant was violative of the Fourth Amendment[3] and that evidence resulting from the search was erroneously admitted.[4] On the basis of existing authority, he is clearly correct.

The issue presented by these facts is whether a forcible[5] entry into an occupied apartment by police, without a prior announcement of presence, identity, or purpose, is unreasonable under the Fourth Amendment, when the only circumstance justifying the failure of announcement is the ease of destructibility of evidence of a poker game. We hold that such a search is unreasonable.

With regard to the issue presented, two rules are evident from cases involving a forcible entry by police into private premises, for the purpose of conducting a

---

[2] Judge Paul R. BECKERT, joined by Judge Isaac S. GARB, dissented on the ground that evidence from the search should have been excluded.

[3] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U. S. Const. amend. IV.

[4] *See Mapp v. Ohio*, 367 U.S. 643 (1961).

[5] An unauthorized entry by means of a passkey is equivalent to a forcible entry. *Commonwealth v. McCloskey*, 217 Pa. Superior Ct. 432, 272 A.2d 271 (1970). The authorization of entry given by the building manager in the present case would not be effective against the defendant. *See Commonwealth v. Ellsworth*, 421 Pa. 169, 218 A.2d 249 (1966).

search. The first is that in the absence of exigent circumstances an announcement by the officers of their identity and purpose must precede the entry. *Commonwealth v. Newman,* 429 Pa. 441, 240 A.2d 795 (1968) (announcement by officers as to identity but not purpose held defective in search of home for lottery paraphernalia) ; *Commonwealth v. McCloskey,* 217 Pa. Superior Ct. 432, 272 A.2d 271 (1970) (entry of college dormitory room by means of head resident's passkey, without announcement as to identity and purpose, held defective in search for marijuana; *United States ex rel. Ametrane v. Gable,* 401 F.2d 765 (3d Cir. 1968) ; *United States ex rel. Manduchi v. Tracy,* 350 F.2d 658 (3d Cir.), *cert. denied,* 382 U.S. 943 (1965). The second rule is that, even with a proper announcement, an occupant of the premises must be given a reasonable period of time within which to surrender his privacy, absent exigent circumstances. *Commonwealth v. DeMichel,* 442 Pa. 553, 277 A.2d 159 (1971) (period of 15 seconds between announcement and entry held insufficient in search of home for lottery paraphernalia). Under neither rule is the mere fact of the evidence's easy destructibility an exigent circumstance. In *Commonwealth v. Newman,* the Pennsylvania Supreme Court stated: "The fact that some lottery paraphernalia is easily destroyed does not justify the suspension of the Fourth Amendment in all lottery prosecutions. One of the prices we have to pay for the security which the Fourth Amendment bestows upon us is the risk that an occasional guilty party will escape." 429 Pa. 441, 448, 240 A.2d 795, 798 (1968). In *Commonwealth v. DeMichel,* the Court noted that there " 'must be more than the presumption that the evidence *would* be destroyed because it *could* be easily done.' " 442 Pa. 553, 563, 277 A.2d 159, 164 (1971), *quoting State v. Mendoza,* 104 Ariz. 395, 399, 454 P.2d 140, 144 (1969).

The case of *Commonwealth v. McAleese*, 214 Pa. Superior Ct. 228, 252 A.2d 380 (1969), which involved a police raid of premises used for card gambling, is not inconsistent with any of the authorities cited above. The flurry of activity which greeted the announcement of police presence in that case was clearly part of the exigent circumstance which this Court found to exist. The case can in no way be read as holding that ease of destructibility of evidence alone is an exigent circumstance.

In the present case, the police made no announcement of presence, identity, or purpose prior to entry of the premises to be searched. Nor, of course, did they afford the occupants of the premises a reasonable period of time within which to surrender their privacy. No exigent circumstance was present.

Judgment reversed and a new trial granted.

WRIGHT, P. J., would affirm on the opinion of Judge BODLEY for the court in banc.