## Commonwealth *v.* Fisher, Appellant.

108

Submitted June 12, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Nino V. Tinari,* for appellant.

*Taras M. Wochok* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., November 16, 1972:

Defendant was found guilty in a nonjury trial on charges of possession of dangerous drugs and posses-

sion of narcotic drugs. His motion in arrest of judgment was denied by the lower court, hence this appeal.[1]

Defendant's two main arguments in support of his motion are: (1) that the affidavit in support of the search and seizure warrant in this case was defective because it failed to specify the time observations were made by the informer, the time he transmitted this information to the affiant officer, and the time the surveillances were made by the officers as a result of the information received; (2) that the evidence introduced against him was obtained as a result of an illegal execution of the warrant in violation of his Fourth Amendment rights in that the police broke down the door of his apartment. He claims that the evidence so obtained was therefore inadmissible at trial.[2]

We are satisfied that the court below was correct in denying defendant's motion in arrest of judgment.

In passing upon a motion in arrest of judgment, the evidence must be read in the light most favorable to the Commonwealth, which by reason of the verdict is entitled to all reasonable inferences arising therefrom: *Com. v. Stukes*, 435 Pa. 535 (1969); *Com. v. Hazlett*, 429 Pa. 476 (1968); *Com. v. Zimmerman*, 214 Pa. Superior Ct. 61 (1969). The effect of such a motion is to admit all the facts and inferences reasonably drawn from the facts which the Commonwealth's evidence tends to prove: *Com. v. Tabb*, 417 Pa. 13 (1965). If these facts and inferences are sufficient to prove guilt beyond a reasonable doubt, the verdict is justified.

A study of the record with these principles of law in mind, discloses that two police officers, in plain

---

[1] Defendant also moved for a new trial, but this motion was later abandoned.

[2] The search resulted in the confiscation of a large quantity of dangerous drugs (45,000 tablets and capsules and eight pounds of marijuana).

clothes, arrived at defendant's apartment at 6959 Theodore Street in Philadelphia and knocked at his door. Defendant opened the door, but before the officers had an opportunity to announce their purpose and authority, and as one of the officers stood in plain view, with his police badge in one hand and the search warrant in the other, defendant closed the door in the officers' faces. The record further discloses that the officers waited a short time and then called to defendant that they were "the police department" and to open the door or they would break it down. Upon defendant's failure to reopen the door, the officers broke in and searched the premises.

Defendant's contention that the affidavit in support of the warrant is defective is without merit. It is true that no time is set forth in the probable cause section of the affidavit as to when observations of the crime were made by the informer or when he transmitted this information to the police or when any surveillance was made by the police officers. However, an affidavit does not stand alone. An affiant may supplement the affidavit with oral testimony before the magistrate and both the affidavit and the additional oral information supplied by the officer under oath to the magistrate are relevant in determining probable cause for the issuance of a warrant: *Spinelli v. U.S.*, 393 U.S. 410 (1969); *Com. v. Crawley*, 209 Pa. Superior Ct. 70 (1966); *Com. v. Payton*, 212 Pa. Superior Ct. 254 (1968). In this case the officer stated to the magistrate that fifteen minutes after he had typed out the affidavit, which was prepared on the same morning he presented it to the magistrate, April 4, 1969, the informer called him on the telephone to tell him of additional evidence he had seen relating to the possession of dangerous drugs and narcotics on the part of the defendant (that a large bag containing narcotics was

on the back porch of the premises to be searched and where defendant lived). This additional information was sufficient to apprise the magistrate of the current activity of defendant and supplied the magistrate with underlying circumstances from which he could make an independent and detached appraisal of probable cause for the *then* issuing of a warrant: *U.S. v. Ventresca,* 380 U.S. 102 (1965). Under the circumstances of this case, the affidavit and oral testimony of affiant are sufficient to support the timeliness of, and probable cause for, the issuance of the warrant.

As to defendant's second contention, the law is clear that before breaking down a door in order to execute a warrant, a police officer must announce his identity, authority, and purpose and he must allow the person or persons inside the premises a reasonable time to voluntarily open the door: *U.S. ex rel. Manduchi v. Tracy,* 350 F. 2d 658 (3d Cir. 1965); *U.S. ex rel. Ametrane v. Gable,* 276 F. Supp. 555 (E.D. Pa. 1967). The question to be answered in this case is whether the officers observed the above mentioned required method for execution of the warrant. Although the Supreme Court of the United States in *Miller v. U.S.,* 357 U.S. 301 (1958), indicated that an express announcement of identity, authority, and purpose by the police officers would have satisfied the requirement of a valid execution of a warrant in that case, it was pointed out that noncompliance might be excused where the police have valid grounds for being virtually certain that the person inside the premises to be searched already knows the identity and purpose of the police making it impossible for the officers to carry out every technical requirement of a valid execution of the warrant. A useless gesture by the police is not necessary in an otherwise proper execution of a warrant: *U.S. v. Singleton,* 439 F. 2d 381 (3d Cir. 1971); *Bosley v. U.S.,* 426

F. 2d 1257 (D.C. Cir. 1970) ; *Wittner v. U.S.*, 406 F. 2d 1165 (5th Cir. 1969). Under the circumstances of this case, an announcement of purpose and authority by express words on the part of the officers would have been useless when one of the officers had in plain view his badge in one hand and the warrant in the other and had the door slammed in his face by the defendant before the officers had an opportunity to announce their identity and purpose. When the defendant shut the door in the officers' presence, having been in a position to see and learn of the officers' identity, authority and purpose, the police could reasonably infer that it was useless to make an express announcement of their purpose. Furthermore, the officers waited approximately one-and-one-half minutes before one of them said, "Open the door or I'm going to break it down, it's the police department". The police action in breaking down the door was perfectly necessary and proper in this case: *Com. v. Dial*, 445 Pa. 251 (1971) ; *Com. v. Johnson*, 223 Pa. Superior Ct. 83 (1972) ; *Com. v. Soychak*, 221 Pa. Superior Ct. 458 (1972). The defendant's reliance on *Com. v. Newman*, 429 Pa. 441 (1968), has no merit for the factual situation there present materially differed from the facts of this case. In the *Newman* case the officer arrived at defendant's home, announced his identity, and after no response and without making known he had a warrant, broke down the door.

We find no reason for the grant of the motion in arrest of judgment, and accordingly, the refusal of the court below is affirmed. Judgment affirmed.