Commonwealth *v.* McKeever, Appellant.

Submitted March 28, 1974.   Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert M. Rosenblum, George E. Goldstein,* and *Goldstein and Rosenblum,* for appellant.

*Stewart J. Greenleaf* and *J. David Bean,* Assistant District Attorneys, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 21, 1974:

The appellant, together with his wife, was tried by Judge CIRILLO without a jury on a charge of possession of dangerous and narcotic drugs. Appellant was found guilty and his wife was acquitted.

Appellant argues that he should have been acquitted because his wife was acquitted, claiming the same facts applied to both. However, as pointed out by Judge CIRILLO, the appellant was the sole lessee of the apartment where the drugs were found and had on his person the key to the locker where other drugs were found.

The main thrust of appellant's argument is directed at the search warrant and its execution. In this case the twofold requirement of a valid search warrant affidavit laid down by *Aguilar v. Texas,* 378 U.S. 108 (1964), was met by information furnished by the superintendent of the apartment house where appellant lived. *See Commonwealth v. Soychak,* 221 Pa. Superior Ct. 458, 289 A.2d 119 (1972); *Commonwealth v. Rose,* 211 Pa. Superior Ct. 295, 235 A.2d 462 (1967). The superintendent while in appellant's apartment making repairs noticed a strange smell. Eleven days before the warrant issued the superintendent came to the police

and asked what marijuana smelled like. The police burned some in his presence and he stated that was what he smelled in the apartment. This, together with other facts, was presented to the magistrate under oath and was sufficient to support probable cause. The warrant was issued March 23, 1971, prior to the effective date of Rule 2003 of the Pennsylvania Rules of Criminal Procedure, and oral testimony given under oath to the magistrate but not reduced to writing may, in this case, be considered in determining the finding of probable cause, as decided in *Commonwealth v. Crawley*, 209 Pa. Superior Ct. 70, 223 A.2d 885 (1966), *aff'd per curiam*, 432 Pa. 627, 247 A.2d 226 (1968).

The officers did not announce their identity and purpose prior to entering the apartment and for this reason appellant questions the validity of the execution of the warrant. It is true that in the absence of exigent circumstances such an announcement by the officers must precede the entry. *Commonwealth v. Newman*, 429 Pa. 441, 240 A.2d 795 (1968); *Commonwealth v. Cerulla*, 223 Pa. Superior Ct. 24, 296 A.2d 858 (1972). However, under the peculiar facts of this case, exigent circumstances existed which excused the failure to announce. The apartment in question was on the second floor while the door to the apartment was on the first floor. A flight of stairs ran from the door to the second-floor apartment. When the officers went to the door they heard noise coming from the apartment. It sounded to them like a fight. One officer knocked on the door three or four times with what he described as a hard knock. The commotion in the apartment continued and they heard a shout and something or somebody falling to the floor. When nobody responded to their knocks they became concerned that someone might be hurt upstairs and decided to force the door. However, the door was not locked and was opened by turning the knob. When they opened the

door, appellant was standing at the top of the stairs. At that time they announced their identity and purpose and served the warrant. Since the police were concerned about someone being injured and in need of help, they were faced with an emergency situation which constituted exigent circumstances justifying the entry without announcement.

Judgment affirmed.

___

CONCURRING OPINION BY SPAETH, J.:

I concur in the result reached by the majority but add a comment on the issue of the sufficiency of the evidence. The trial judge properly found appellant guilty of possessing the drugs found in the apartment, but erroneously based his finding on the fact that appellant was the sole lessee of the apartment. Since the apartment was occupied by appellant and his wife, the charge of possession against appellant cannot rest merely upon the fact that he had a proprietary interest in the apartment. See *Commonwealth v. Fortune,* 456 Pa. 365, 318 A. 2d 327 (1974); Whitebread & Stevens, Constructive Possession in Narcotics Cases: To Have and Have Not, 58 Va. L. Rev. 751, 763-64 (1972). There must be further circumstances showing his conscious dominion over the drugs. *See, e.g., Commonwealth v. Updegrove,* 223 Pa. Superior Ct. 7, 296 A. 2d 854 (1972) (contraband found among defendant's effects); Note, Possession of Narcotics in Pennsylvania: "Joint Possession," 76 Dick. L. Rev. 499, 521 (1972). The record indicates that drugs were found in numerous places throughout the apartment, some apparently in plain view. Such evidence when coupled with appellant's residency in the apartment supports his conviction. This conclusion is not affected by the fact that appellant's wife was acquitted by the same judge on the same evidence. We are free to evaluate the verdict against appellant independently of the verdict rendered in favor of his wife.