Commonwealth *v.* Lovera, Appellant.

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Mark Sendrow, David Richman,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., September 23, 1974:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Trial Division, of Philadelphia, after conviction in a non-jury trial of burglary, larceny and receiving stolen goods; and from the denial of post-trial motions. The appellant was sentenced to prison from one (1) to three (3) years on the burglary charge and sentence was suspended on the other charges.

The evidence established that a police officer received a radio call concerning a burglary after midnight on April 3, 1973. Upon arriving at the scene, the officer noticed the windowpanes were broken in the rear door of the premises and that the door had been forced open. A portable radio and a television set and other articles were strewn around the kitchen. The officer saw the appellant running through the rear door. He did not see his face, but he was wearing a very distinctive pair of brown and orange striped trousers and a green Army coat. He chased the man into a small courtyard and observed that two males were pulling him up an elevated roof. He got onto the roof and chased the appellant and finally caught him in a neighboring yard. He was wearing the noticeable attire which he had seen when the chase began. The owner of the house said that she had locked her home when she left and when she had returned she found the windows and doors broken and various items strewn around the house. She found four (4) rings missing from a jewelry box.

After the appellant was arrested, he was taken to the police station and placed in a cell. He asked to go to the bathroom and then made an attempt to escape and when a police officer grabbed him, he knocked the officer down the steps. He was finally apprehended some distance from the police station.

The question involved in this appeal is whether the Commonwealth introduced sufficient credible evidence

to sustain appellant's conviction. It was a non-jury trial.

The chief complaint is that the arresting officer made inconsistent statements at the preliminary hearing and at trial. The inconsistency was his failure at trial to relate certain details of the chase that he had mentioned at the preliminary hearing. Additional details complained of were not such as to be inconsistent with his guilt as related in the evidence at the trial. Either version supported the finding of guilt. The difference complained of was testimony of the police officer as to when he first saw the appellant, either on the roof or in the home and the officer explained that he had forgotten to indicate the roof incident and still testified that when he went into the home, he saw the appellant fleeing.

The appellant relies on *Commonwealth v. Bennett*, 224 Pa. Superior Ct. 238, 303 A. 2d 220 (1973), in which this Court held the testimony of the Commonwealth was so contradictory as to make the jury verdict pure conjecture. This is indeed a far cry from the facts in the instant case. This Court must accept as true all of the evidence of the Commonwealth and all reasonable inferences arising therefrom upon which the factfinder based his verdict. *Commonwealth v. Fisher*, 223 Pa. Superior Ct. 107, 296 A. 2d 848 (1972). The Commonwealth's evidence amply supports the finding of guilt beyond a reasonable doubt.

Judgment affirmed.