Commonwealth, Appellant, *v.* Mazzella.

Argued September 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Stephen B. Harris,* First Assistant District Attorney, with him *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellant.

*C. Sampsel,* with him *S. Richard Klinges, III,* and *Begley, Carlin, Mandio, Kelton & Popkin,* for appellee.

OPINION BY JACOBS, J., December 11, 1974:

The law involving forcible entry by police into private premises for the purpose of conducting a search requires, in the absence of exigent circumstances, first,

that an announcement by the officers of their identity and purpose must precede the entry, *Commonwealth v. Newman*, 429 Pa. 441, 240 A.2d 795 (1968) ; *Commonwealth v. Cerulla*, 223 Pa. Superior Ct. 24, 296 A.2d 858 (1972) ; and second, that subsequent to the announcement, an occupant of the premises must be given a reasonable period of time within which to voluntarily surrender his privacy. *Commonwealth v. DeMichel*, 442 Pa. 553, 277 A.2d 159 (1971).

This case, involving a raid on an illegal poker game, is before us on appeal by the Commonwealth from a lower court order granting a petition for suppression of evidence. This order was properly appealable under the rule of *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304, *cert. denied*, 375 U.S. 910 (1963). The issues presented are one, whether there existed any exigent circumstances; and two, whether without exigent circumstances, a delay of 5 to 10 seconds is a reasonable time to wait before effecting a forcible entry.

The undisputed facts disclose that at 11 :45 p.m. on the evening of June 15, 1972, pursuant to a valid search warrant, eight police officers approached the apartment of the appellee. Two police officers positioned themselves outside the dining room window and six officers approached the front door. One officer, Trooper Spewak, then knocked on the door and advised: "Police. We have a search warrant." Between five to ten seconds later, the police began to strike the door with a battering ram.

The Commonwealth witnesses were in dispute as to what transpired during the 5 to 10 second delay. One of the officers at the window, Trooper Biggar, testified that he was peering upward through the slits of a closed venetian blind when Trooper Spewak announced his presence. He stated that he saw numerous people jump up from the table. "I then ran back to the hallway door, and yelled in to Trooper Spewak to go in

there." Another officer testified: "[S]hortly after we knocked, Trooper Biggar ran, opened the door [to a common hallway], and waved us to go in." We need not decide the question of whether Trooper Biggar's observations would provide sufficient exigent circumstances to obviate the reasonable wait requirement, because the prosecuting officer himself, Trooper Spewak, contradicted the testimony of the other officers. Trooper Spewak testified: "I knocked and announced, 'Police, search warrant.' After a period of five to ten seconds approximately there was no answer to the door, we commenced to hit it with a battering ram. Now, did you see Trooper Biggar any time prior to knocking on the door? Yes. Where was he when you first saw him? He was stationed outside the apartment, and then motioned for us to go in. And then you knocked? Yes. And made the announcement, and went in? Yes. The Court: During this five to ten second interval between the time of your announcement and the time you started to go after the door with the battering ram, what occurred, if anything? Nothing occurred, Your Honor, to my knowledge. I could hear a rustling inside. What I thought was a reasonable time for the door to be answered, did not occur, we hit it with a battering ram. The Court: Did you hear any words from inside? I could not hear any words."

The hearing judge apparently made a factual determination that no exigent circumstances existed when the police effected their forcible entry; and we have heard nothing which would justify setting aside that determination. The burden is clearly upon the Commonwealth to prove the existence of exigent circumstances where they are required to support the admissibility of seized evidence, *Commonwealth v. Yount*, 455 Pa. 303, 314 A.2d 242 (1974); *Commonwealth v. Ravenell*, 448 Pa. 162, 292 A.2d 365 (1972); Pa. R. Crim. P. 323 (h); and the contradictory testimony here

given by the Commonwealth's witnesses does not satisfy that burden.

Accordingly, the only issue remaining is whether a delay of 5 to 10 seconds between the announcement and the entry was reasonable. This question is controlled by the decision in *Commonwealth v. DeMichel,* supra, wherein the Court held a delay of 5 to 15 seconds insufficient to afford the occupants an opportunity to surrender the premises voluntarily. "We cannot deem this a reasonably sufficient period of time. 'Regardless of how great the probable cause to believe a man guilty of a crime, *he must be given a reasonable opportunity to surrender his privacy voluntarily.*' " *Commonwealth v. DeMichel,* supra, at 561, 277 A.2d at 163 (emphasis by Supreme Court).

The hearing judge reasonably found that no exigent circumstances existed, thus distinguishing the case from *Commonwealth v. Dial,* 445 Pa. 251, 285 A.2d 125 (1971). In accordance with our Supreme Court precedent we agree that the time period of 5 to 10 seconds was unreasonably short.

Order affirmed.