386 A.2d 86

COMMONWEALTH of Pennsylvania, Appellant,

v.

Vincent L. PERRY.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Joseph W. O'HANLON.

Superior Court of Pennsylvania.

Argued Sept. 21, 1976.

Decided April 28, 1978.

Vram Nedurian, Jr., Assistant District Attorney, Newtown Square, with him Ralph B. D'Iorio, Assistant District Attorney, Media, for Commonwealth, appellant.

Carmen P. Belefonte, Media, for appellee, Perry.

August T. Groover, Media, submitted a brief for appellee, O'Hanlon.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Appellees Vincent L. Perry and Joseph W. O'Hanlon were arrested on September 23, 1975, for pool selling and book-making[1] and conspiracy.[2] Suppression applications were filed, and after a hearing on March 24–27, 1976, the lower court ordered the suppression of all evidence obtained during a search of the premises located at 1376 Market Street, Linwood, Pennsylvania. This order was based on the lower court's finding that the police entered the building before announcing their identity and purpose. The Commonwealth has appealed from this order of suppression.[3]

On September 23, 1975, Pennsylvania State Police troopers, armed with a search warrant, proceeded to a two story commercial building housing the Summit Beef Company. They approached a side entrance to the structure. The lower court found that although this door was unlocked during business hours it was not open to the public in general. On the date in question, the police had observed at least ten persons, without knocking, enter the establishment through this door. When the officers arrived, they noticed that the door was ajar one to three inches. They looked into the room, but no one could be seen. One of the officers knocked three times, waited approximately five seconds and

[1] 18 Pa.C.S. § 5514.

[2] 18 Pa.C.S. § 903. Appellee Perry was also indicted for the manufacture and exposure of lottery tickets for sale. 18 Pa.C.S. § 5512(b)(2).

[3] If the suppression order is permitted to stand, the prosecution will be substantially handicapped. The order of the lower court is therefore appealable. *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304 (1963); *Commonwealth v. Chinea,* 246 Pa.Super. 494, 371 A.2d 944 (1977).

then pulled the door further open. From outside the premises, the troopers announced their identity and purpose to an employe, who was working in the room at a point beyond the troopers' original line of vision, and inquired as to the whereabouts of appellee-Perry. The troopers entered the room and were directed by the employe to another area of the building.

When the officers approached Perry's office, they observed, through an open doorway, that both appellees were sitting near a desk. The troopers read the warrant to the two men and subsequently seized $7,500 in currency, an adding machine, approximately 400 football pool tickets, tally sheets and various other gambling paraphernalia.

The lower court found that the police properly identified themselves and stated their purpose, but suppressed the evidence because the troopers "opened the door without permitting the occupants to voluntarily relinquish the premises." [4] We hold that the lower court erred in suppressing

4. The lower court made the following findings of fact and conclusions of law.

"A. *Findings of Fact*

. . . . .

4. As State Police Officers approached the side door of the premises at 1376 Market Street, Linwood, Delaware County the door was observed to be ajar between one and three inches.
5. Although the Summit Beef Company had a retail store in the front of the building, the side entrance through which the search warrant was executed was not open to the public.
6. The police officers knocked three times, waited approximately five seconds and then opened the door the rest of the way.
7. Once the door was fully opened a butcher was observed inside the building in close proximity to the door. The police at that time announced their identity, stated that they had in their possession a search warrant and requested the whereabouts of Vincent L. Perry.
8. The butcher pointed the way to Perry's office and the State Police entered the building to execute the warrant.

. . . . .

B. *Conclusions of Law*

. . . . .

4. The defendants were not given a reasonable opportunity to surrender their privacy voluntarily, in violation of their constitutional rights.

this evidence.[5]

Pa.R.Crim.P. 2007(a) provides, in part, that,

"[a] law enforcement officer executing a search warrant shall, *before entry,* give, or *make reasonable effort to give,* notice of his identity, authority and purpose . . *unless exigent circumstances require his immediate forcible entry.*" (Emphasis added).

First, we note that our research has failed to uncover any Pennsylvania appellate court decision directly on point. Clearly, in the instant case there were no exigent circumstances which justified an immediate forcible entry. It is also clear, as the lower court found, that once the outer door to the structure had been fully opened, the troopers reasonably attempted to give notice in accordance with the Rule. The question involved in the instant case is whether the trooper's act of pulling the door, which was already partially open, constituted a "forcible entry" within the meaning of the Rule.

In *Sabbath v. United States,* 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968), the Supreme Court noted that "force" is not always essential to the invocation of the announcement rule. "An unannounced intrusion into a dwelling . . . is no less an unannounced intrusion whether officers break down a door, force open a chain lock on a partially open door, open a locked door by use of a passkey, or . . . open a closed but unlocked door." 391 U.S. at 590, 88 S.Ct. at 1758 (footnote omitted). Conspicuous by its absence, is the situation with which we are now confronted.[6]

5. The evidence obtained as a result of the police search is not admissible at trial, the evidence having been obtained through an illegal execution of the search warrant."

**5.** Appellees also contended in the court below that the evidence should have been suppressed because the troopers failed to make a second announcement prior to entering Perry's office. This contention was without merit because "officers are not required to announce at every place of entry; one proper announcement . . . is sufficient." *United States v. Bustamante-Gamez,* 488 F.2d 4, 10 (9th Cir. 1973).

**6.** *Sabbath v. United States, supra,* is distinguishable from the instant case because in *Sabbath* the officers failed to make any announce-

The primary purposes of the rule are to protect the privacy of the occupant and to prevent situations which are conducive to violent confrontations between the occupant and individuals who enter without proper notice. *Sabbath v. United States, supra; Commonwealth v. Clemson,* 234 Pa.Super. 191, 338 A.2d 649 (1975); *see also People v. Peterson,* 9 Cal.3d 717, 108 Cal.Rptr. 835, 511 P.2d 1187 (1973). In the instant case, appellees' legitimate expectation of privacy was limited because the door to the premises was open. Although the door was not completely open, it was open wide enough to permit a visual examination of a large portion of the room. Clearly appellees had not done every-thing which was reasonably within their power to preserve their privacy. *See, e. g., Commonwealth v. Soychak,* 221 Pa.Super. 458, 289 A.2d 119 (1972).

Moreover, the troopers' actions were reasonable and not conducive to a violent confrontation. Having visually examined a large portion of the room, they were unsure whether anyone was present within range to hear their announcements. When they received no response, they pulled the door further open but did not enter until they had fully informed the occupant of their identity, authority and pur-pose. By acting as they did, the troopers substantially increased the probability that someone would hear their announcement. The troopers acted in a patently reasonable manner. Under all the circumstances, we hold that the troopers did not forcibly enter the premises in question in violation of Pa.R.Crim.P. 2007.

The order of the lower court is reversed, and the case is remanded for further proceedings.

HOFFMAN and SPAETH, JJ., dissent.

WATKINS, former President Judge, did not participate in the consideration or decision in this case.

ment prior to their physical entry. *See also Commonwealth v. Newman,* 429 Pa. 441, 240 A.2d 795 (1968); *Commonwealth v. Clemson,* 234 Pa.Super. 191, 338 A.2d 649 (1975); *Commonwealth v. Mazzella,* 231 Pa.Super. 247, 331 A.2d 784 (1974).