419 A.2d 721

**COMMONWEALTH of Pennsylvania**

v.

**Gary GOLDEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1979.

Filed April 25, 1980.

Petition for Allowance of Appeal Denied Dec. 1, 1980.

Thomas R. Ceraso, Greensburg, for appellant.

John F. Dent, Assistant District Attorney, Greensburg, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

SPAETH, Judge:

■ A jury convicted appellant of possessing a controlled substance—marihuana—with the intent to deliver.[1] Post-verdict motions were denied and appellant was sentenced to pay a fine of $3,000 and to undergo imprisonment for eleven and one half to twenty-three months. The issue on this appeal is whether the marihuana should have been suppressed because of an improper execution of a search warrant by the police.[2]

1. The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, § 13, 35 P.S. § 780–113.

2. Appellant also argues (1) that the evidence that he possessed and controlled the marihuana was insufficient to sustain his conviction; (2) that the evidence seized pursuant to the search warrant should have been suppressed because the warrant was not based upon probable cause and because there was no justification for a nighttime search; and (3) that the lower court erred in refusing to grant his motion for a continuance before trial. Appellant's argument with respect to the lower court's refusal to grant a continuance would, if accepted, lead only to the grant of a new trial. Likewise appellant's arguments about the warrant and the nighttime search would, if accepted, only result in his being granted a new trial with the evidence seized pursuant to the search suppressed. Since those results are already achieved by our disposition of appellant's claim that the search warrant was improperly executed, we shall not reach those arguments.

Appellant's claim that the evidence was insufficient, however, would, if correct, lead not to a new trial but to his discharge. *See* *Commonwealth v. Caye*, 465 Pa. 98, 348 A.2d 136 (1975); *Commonwealth v. Benaglio*, 254 Pa.Super. 100, 385 A.2d 544 (1978). Accordingly, we have considered appellant's attack on the sufficiency of the evidence. After viewing the evidence in the light most favorable to the Commonwealth, as is required, *Commonwealth v. Steward*, 263 Pa.Super. 191, 397 A.2d 812 (1979), however, we believe that the Commonwealth's evidence that appellant resided at the apartment and had earlier that same evening sold two tie sticks of marihuana was sufficient evidence of appellant's possession and control over the marihuana to support the jury's verdict of guilty.

■ The facts relevant to this issue were as follows. At 9:40 p. m., on October 5, 1976, Detective Joseph Weaver of the Westmoreland County District Attorney's Office obtained a warrant to search appellant's apartment on the second floor of a building on Fifth Avenue in Arnold, Pennsylvania. Detective Weaver and four other officers went to that building. According to Detective Weaver's testimony at the suppression hearing, upon their arrival the officers knocked several times on the door to the first floor. Receiving no response, they opened the front door, which was unlocked, and then announced that they were police and were coming in. The officers then entered the building, and proceeded up the stairs to the second floor, announcing again that they were police. They found appellant, identified themselves to him, told him that they had a search warrant, and conducted a search of the apartment. They discovered thirty–four tie sticks of marihuana valued at $680 in the apartment. Appellant was arrested and charged with possession with intent to deliver marihuana. His motion to suppress the marihuana was denied.[3]

Rule 2007 of the Pennsylvania Rules of Criminal Procedure provides that "[a] law enforcement officer executing a search warrant shall, before entry, give, or make reasonable effort to give, notice of his identity, authority and purpose to any occupant of the premises specified in the warrant, unless exigent circumstances require his immediate forcible entry." Pa.R.Crim.P., Rule 2007. *See Commonwealth v. Burstin*, 259 Pa.Super. 584, 393 A.2d 979 (1978); *Commonwealth v. McCarthy*, 257 Pa.Super. 42, 390 A.2d 236 (1978); *Commonwealth v. Regan*, 254 Pa.Super. 555, 386 A.2d 89 (1978); *Commonwealth v. Perry*, 254 Pa.Super. 549, 386 A.2d

**3.** In his motion to suppress, appellant specifically claimed that the execution of the warrant was improper, and this claim was litigated at the suppression hearing. While appellant did not again raise the issue of the execution of the warrant in the post–verdict motions originally filed by his trial counsel, that issue was raised in the brief filed in support of the post–verdict motions by his present counsel, and was decided by the lower court in its opinion. In these circumstances, the issue has been preserved for appellate review. *See Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979).

86 (1978). Rule 2007 represents a codification of the announcement rule required by the Fourth Amendment to the United States Constitution. *See United States ex rel. Ametrane v. Gable,* 276 F.Supp. 555 (E.D.Pa.1967), *aff'd,* 401 F.2d 765 (3d Cir. 1968); *Commonwealth v. DeMichel,* 442 Pa. 553, 277 A.2d 159 (1971); *Commonwealth v. Newman,* 429 Pa. 441, 240 A.2d 795 (1968); *Commonwealth v. Clemson,* 234 Pa.Super. 191, 338 A.2d 649 (1975); *Commonwealth v. Easton,* 231 Pa.Super. 398, 332 A.2d 448 (1975); *Commonwealth v. Mazzella,* 231 Pa.Super. 247, 331 A.2d 784 (1974); *Commonwealth v. McKeever,* 229 Pa.Super. 35, 323 A.2d 44 (1974); *Commonwealth v. Fisher,* 223 Pa.Super. 107, 296 A.2d 848 (1972); *Commonwealth v. Johnson,* 223 Pa.Super. 83, 289 A.2d 733 (1972).

■ In executing the search warrant in this case the police officers failed to comply with the requirements of Rule 2007 in that they did not "before entry, give . . . notice of [their] identity, authority and purpose." They did announce their identity, but after they had opened the unlocked door. The announcement required by Rule 2007, however, must precede an officer's opening of a door. *Cf. Commonwealth v. Perry, supra* (where door already partially opened, the police may push it open further before announcing identity, authority and purpose). Even if it were to be held that the announcement of identity had been made "before entry" because it was made before the officer stepped inside, still, the officers never announced their authority and purpose until after they had descended the stairs and accosted appellant on the second floor. In *Commonwealth v. Newman, supra,* the Supreme Court held the warrant improperly executed where the police knocked on the door and identified themselves but failed to announce their authority and purpose before breaking down the door with a sledge hammer. Similarly, in *Commonwealth v. Easton, supra,* this court held the execution of the warrant improper where the officers knocked, announced who they were, and asked to see "Bobby", but failed to announce their authority and purpose.

The fact that the officers in the present case did not have to break down the door with a sledge hammer but only had to turn the knob to open the unlocked door makes no difference, for Rule 2007 requires an announcement "before entry", *i. e.*, before *any* entry. *See* Pa.R.Crim.P., Rule 2007(a). Confronted with a case similar to this one under the Federal Statute barring entry without a prior announcement, 18 U.S.C. § 3109, the Supreme Court of the United States stated that "[a]n unannounced intrusion into a dwelling—what § 3109 basically proscribes—is no less an unannounced intrusion whether officers break down a door, force open a chain lock on a partially open door, open a locked door by use of a passkey, or, as here, open a closed but unlocked door. The protection afforded by, and the values inherent in, § 3109 must be 'governed by something more than the fortuitous circumstance of an unlocked door.' " *Sabbath v. United States*, 391 U.S. 585, 590, 88 S.Ct. 1755, 1758, 20 L.Ed.2d 828, 834 (1968) (footnote omitted), *quoting Keiningham v. United States*, 287 F.2d 126 (D.C.Cir.1960). *See Commonwealth v. Easton, supra,* (use of a passkey); *Commonwealth v. Cerulla*, 223 Pa.Super. 24, 296 A.2d 858 (1972) (*semble*); *Commonwealth v. McCloskey*, 217 Pa.Super. 432, 272 A.2d 271 (1970) (*semble*).

Since the record does not disclose any exigent circumstances sufficient to justify the officers' failure to comply with Rule 2007, the evidence seized pursuant to the search should have been suppressed. Accordingly, the judgment must be reversed and the case remanded for a new trial.

We realize, and regret, that the practical effect of our holding may be that the Commonwealth will be unable to prosecute appellant. However, as the Supreme Court stated in *Commonwealth v. Newman, supra*, "[o]ne of the prices we have to pay for the security which the Fourth Amendment bestows upon us is the risk that an occasional guilty party will escape." *Id.*, 429 Pa. at 448, 240 A.2d at 798, *citing, Elkins v. United States*, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960). Rule 2007 was promulgated in 1973, and the requirement that the police must announce their

purpose before entry has been the law in this Commonwealth at least since the Supreme Court decided *Commonwealth v. Newman, supra,* in 1968. What the Supreme Court stated in *Newman* applies with equal force to this case: "Nor is it too much to expect of the officers to announce their purpose in demanding admission. . . . 'The burden of making an express announcement is certainly slight. A few more words by the officers would have satisfied the requirement in this case.' " *Id.,* 429 Pa. at 447, 240 A.2d at 798, *quoting Miller v. United States,* 357 U.S. 301, 309–10, 78 S.Ct. 1190, 1195–1196, 2 L.Ed.2d 1332, 1338 (1958).

Reversed and remanded for a new trial.

VAN der VOORT, J., dissents.