457 A.2d 966

**COMMONWEALTH of Pennsylvania**

**v.**

**Bradford Douglas RITZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 27, 1981.

Filed March 18, 1983.

Judgment of Sentence of Common Pleas Court Vacated and Matter Remanded Sept. 21, 1983.

Dante G. Bertani, Public Defender, Greensburg, for appellant.

Albert M. Nichols, District Attorney, Greensburg, for Commonwealth, appellee.

Before SPAETH, HESTER and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas, Criminal Division, of Westmoreland County, by the defendant-appellant, Bradford Douglas Ritz, after the lower court denied his post-trial motions in arrest of judgment and for a new trial.

On September 26, 1978, the defendant was charged with two counts of possession with intent to deliver a controlled substance subsequent to 35 P.S. 780–113(30) as the result of a search of the defendant's home pursuant to a search warrant. On October 27, 1978, the defendant's counsel filed an Omnibus Pre-Trial Motion consisting of three mo-

tions: A Motion to Suppress the Evidence; a Motion to Suppress Statements and a Motion for Return of Seized Property. On November 2, 1978, the Commonwealth filed its answer to these motions and after a lengthy evidentiary hearing and oral arguments on these motions, the lower court denied the motions in a written opinion. The defendant was tried on December 3, 1979 and found guilty. Post-trial motions were denied and the defendant sentenced to eleven and one-half to twenty-three (11½ to 23) months imprisonment and two (2) years probation. This appeal followed.

On appeal, the appellant raises questions involving the sufficiency of the evidence and various errors by the court below in denying his Omnibus Pre-Trial Motions.

The pertinent facts of the case were adequately summarized by the court below as follows:

On September 7, 1978 at 9:45 P.M., Officers Joseph J. Marseli, of the Pennsylvania Bureau of Drug Control, and Ronald A. Veverka, of North Huntingdon Township Police Department, obtained two search warrants from District Justice Tubbs; one warrant was for 1219 Hahntown-Wendell Road, the residence of Bradford D. Ritz, and the other for 1289 Hahntown-Wendell Road, the residence of John Ritz, in North Huntingdon Township. Each search warrant contains an affidavit of probable cause identical to the other. The affiants' averment of facts in support of probable cause for the issuance of warrants is, in summary, that:

In August, 1977, information was received from an confidential informant that Douglas Ritz (of 1219 Hahntown-Wendell Road) was trafficking in marihuana and cocaine; that the informant had purchased marihuana and cocaine from Ritz, and had seen as much as sixty pounds of marihuana inside the Ritz home; that the marihuana was delivered to Douglas Ritz in a trailer (titled to Ritz's father, John A. Ritz); and, that the informant was reliable because the affiant had verified as correct and reliable details such as names,

descriptions of person, vehicles and houses and telephone numbers.

That since August of 1977 surveillance of $^{1219}/_{1289}$ Hahntown-Wendell Road has revealed visits by numerous known or convicted drug offenders. (Names of two convicted drug offenders are set forth in affidavit). That on June 28, 1978, two North Huntingdon Township Police Officers (while responding to an unrelated theft call) observed a male, known to be involved in drugs, conceal a bag from police view while departing the Douglas Ritz residence.

That on June 29, 1978, surveillance revealed a known drug offender enter the Ritz residence through a garage door opened for them by Ritz, depart with a large paper shopping bag, which the officers believed to be marihuana, and place the bag in his car trunk.

On August 2, 1978, the automobile of another known drug dealer was observed by officers at the Ritz residence (1219 Hahntown-Wendell Road).

On September 1, 1978, the affiant interviewed a confidential informant (not the same on alluded to above) and received verifying information asto drug sales inside $^{1219}/_{1289}$ Hahntown-Wendell Road. The informant stated that the marihuana was stored at 1289 because 1219 is small and has no basement; that he has seen marihuana at both placed and that he himself was a user and would recognize marijuana.

On September 7, 1978, at 7:00 P.M., the police observed James Parker arrive at and enter 1219, proceed with Douglas Ritz to 1289, return with Ritz and a large brown bag to 1219, then leave with the brown bag by car. The police arrested Parker for possession an recovered two pounds of marihuana from the bag. The police served the search warrants for 1219 at 10:25 P.M. September 7, 1978, and for 1289 at 10:30 P.M. At 1289, the residence of John A. Ritz, the police confiscated plastic baggies containing four pounds of marihuana, numerous other plastic bags, marihuana seeds and pipe.

At 1219, the residence of Bradford Ritz, the police confiscated cocaine, a brown bag containing marihuana, a scale, $930.00 in cash on the person of Bradford Ritz, $9,900.00 in cash in a brown bag, vehicle rental slips and bank receipts of Mary Ann Nichols, a marihuana separator, $23,500.00 in cash in a brown bag and some miscellaneous items containing marihuana residue.

The defendant claims that the court below erred when it refused to grant his suppression motion. He claims that the police officers erred in the manner that they executed the search warrant claiming that they did not knock on his door before entering the premises. With respect to this argument the court below stated:

The second contention advanced by the defendant for suppression of evidence is that the Commonwealth is bound by an admission of pleading. Paragraph four of defendant's Omnibus Pre-Trial Motion is as follows:

"4. The warrant issued for the premises described at 1219 Hahntown-Wendell Road was improperly executed in that the executing officers opened and entered the front door of said residence and only then announced their identity and purpose without affording the occupants the opportunity to voluntarily surrender the premises."

The District Attorney answers only:

"4. Denied that search warrant was improperly executed in any manner."

The defendant argues that the answer fails to deny the well-pleaded fact that the officer "opened and entered the front door ... and only then announced their identity and purpose". Such an entry would, of course, violate the requirement that the police must afford an occupant a reasonable time to voluntarily surrender the premises. *Commonwealth v. DeMichel,* 442 Pa. 553, 277 A.2d 159 (1975).

During the suppression hearing counsel sought to foreclose (sic) any testimony by the officer on the question of execution of the warrant or entry into the premises.

Counsel objected to the officer's testimony that the front door was open at the time of the officers' arrival at the premises and that only the screen door was closed, and that the officers announced themselves and were admitted by Bradford Ritz. The Court ruled during the hearing that allegations of a strictly factual nature (though not conclusions of law) would be deemed admitted. The Court has reconsidered this question and now, in this opinion, narrows its ruling on this question in order to give due consideration to the issue. For reasons set forth below, the Court finds that the admissibility of evidence and lawfulness of the search will be determined on the basis of testimony adduced at the suppression hearing, rather than on the narrow, somewhat unclear area of pre-trial pleading requirements.[1]

The facts testified to by Officer Todoric were that he walked up to the front door, which was apparently, a screen door, looked in through the door and noticed four legs extending over the edge of a sofa. The officer then knocked and proceeded to open the screen door. As he opened the door the defendant Bradford Ritz came to the front door and opened it. The officer testified that Ritz came to the door and voluntarily admitted the officers prior to the officer entering the house. On cross examination Officer Todoric revealed that there was indeed very little time between the knock on the door and entry by Todoric. A forceful or surreptitious entry would be fatal to this search, but it appears that, though the screen door was opened by the officer, the actual entry was made peaceably after announcement and in the presence and view of Mr. Ritz. Therefore, the Court does not view this case as a violation of the Fourth Amendment of or *DeMichel,* supra. The premises were actually turned over to the officers by Bradford Ritz and it cannot be said that the entry was unreasonable or without permission from the occupant.

[1] Rule 308 expressly provides that no answer is required to a pre-trial motion unless ordered by the Court. It also provides that

failure to file an answer shall not constitute an admission of well-pleaded facts unless an answer is ordered by the Court.

Rule 306(c) provides that an omnibus motion which sets forth facts not of record shall be sworn to by one having knowledge of the facts. Rule 306(b) provides that the attorney's signature constitutes a certification that he has read the motion and that to the best of his knowledge and belief, there is good ground to support it.

It does not appear to the Court that there is any "affidavit" affixed to the motion and the attorney's "certification" is not meant to be an affidavit of one who has "knowledge" of the facts. Therefore, the Commonwealth is not to be precluded in going forward with its suppression testimony on the strength of a routine, apparently ex-parte motion unsupported by an affidavit. It should be noted that Rule 306(c) provides for the taking of testimony in the absence of an affidavit. In this case there is neither testimony nor an affidavit.

The thrust of defendant's argument is to require specificity similar to assumpsit rules. In view of the unshifting burden on the Commonwealth to prove the lawfulness of this search, justice is not denied the defendant by having the suppression of evidence turn on testimony.

As stated by the court below: "the thrust of defendant's argument is to require specificity similar to assumpsit rules". No such requirement is imposed on the Commonwealth in filing its answer to pre-trial motions. See Pa.R. Crim.Pro. 308. The court below was correct when it determined that justice is not denied the defendant by having the suppression motion decided on the basis of testimony rather than on the specificity of the pleadings. The dissent appears to recognize this principle but would remand the case in order to give defendant's counsel the opportunity to cross-examine the police officers regarding the execution of the warrant. The problem with such a holding is that the defendant had already been provided with a full hearing regarding his suppression motion and had the opportunity to cross-examine all witnesses at that time. He chose, at that time, to base his argument solely on the Commonwealth's answer to his motion. He could have cross-examined the policemen, but chose not to do so because he felt that the court below was "buying" his argument regarding the pleadings. Ultimately, the court did not accept that argument. We do not find that to be a sufficient reason to remand the case and give the defendant "another bite at the

apple". After review, we find that the defendant's other arguments are without merit.

Judgment of sentence affirmed.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge, dissenting:

The judgment of sentence should be reversed and the case remanded for a new suppression hearing.

Appellant was convicted on the basis of evidence seized during a search of his premises. One of the grounds upon which appellant sought to have the evidence suppressed was that the police had entered his premises without first knocking and announcing their identity, purpose, and authority, in violation of Pa.R.Crim.P. 2007. *See Commonwealth v. Golden*, 277 Pa.Super. 180, 419 A.2d 721 (1980).

During the suppression hearing, the court interpreted the Commonwealth's answer to appellant's motion to suppress as an admission that the police had entered appellant's premises without first knocking and announcing their identity, purpose, and authority. Slip op. at 6 (suppression court). The court therefore ruled that the Commonwealth could present testimony regarding the manner in which the warrant was executed, but that testimony inconsistent with the admission would be stricken. N.T. 232. The testimony of one of the officers who executed the warrant was inconsistent with the admission. In accordance with its ruling, the court ordered the officer's testimony stricken. N.T. 234. In view of this order, appellant's counsel neither cross-examined the officer nor introduced any evidence in support of his motion.[1]

---

1. The majority says that appellant's counsel "could have cross-examined the policemen, but chose not to do so because he felt that the court below was 'buying' his argument regarding the pleadings." Op. at 443. The court *did* accept counsel's argument: it ruled that the testimony in question would be stricken. The majority is therefore mistaken in saying that remand would give appellant " 'another bite at the apple,' " *id., i.e.,* another chance to cross-examine the officer and to introduce his own evidence. Appellant has never had a first bite.

After the hearing was over, the court decided, *sua sponte*, to reverse itself on the question whether the police had entered appellant's premises without first knocking and announcing their identity, purpose, and authority. The court revived the stricken testimony and, in reliance on it, held that the police had not executed the search warrant in violation of Pa.R.Crim.P. 2007. Slip op. at 8 (suppression court). This was unfair, and denied appellant due process of law. *See generally Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) (Essential elements of procedural due process are notice that interest is in danger of being deprived and opportunity to prove that deprivation of interest is improper); *Parker v. Children's Hospital of Philadelphia*, 483 Pa. 106, 394 A.2d 932 (1978) (same). *Allstate Insurance Co. v. Fioravanti*, 451 Pa. 108, 299 A.2d 585 (1973) (same). Appellant justifiably relied upon the court's ruling that the officer's testimony was stricken. By reversing its ruling and reviving and relying upon the testimony, all without notice to appellant, the court effectively denied appellant the right to cross-examine the officer and to introduce evidence of his own. *See generally Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) (Criminal defendant has due process right to cross-examine witnesses against him); *cf. Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (Criminal defendant denied fair trial where deprived of opportunity to present exculpatory evidence).

The items seized in the search of appellant's premises were instrumental in obtaining appellant's conviction. Slip op. at 40 (court *en banc*). Accordingly, the introduction of these items at appellant's trial, if erroneous, was not harmless beyond a reasonable doubt.

The judgment of sentence should be vacated and the case remanded for a new suppression hearing. If after the new hearing the motion to suppress is denied, the sentence should be reinstated, but if the motion is granted, a new trial should be ordered.