## Commonwealth v. Vega

*James T. Anthony, assistant district attorney,* for the Commonwealth.

*W. Hamlin Neely,* for defendant.

MELLENBERG, *J.,* February 27, 1991—We have before this court defendant's post-trial motion for a new trial. By bench trial, held September 27 and 28, 1989, defendant was convicted of possession of a controlled substance, possession with intent to deliver a controlled substance, and possession of drug paraphernalia. Defendant timely filed a post-trial motion averring that the trial court erred by failing to grant defendant's motion to suppress certain evidence discovered during a search of defendant's apartment. Said motion to suppress seized evidence was not made until trial after the Commonwealth presented its case-in-chief without objection.

The facts pertaining to defendant's post-trial motion are as follows. On February 9, 1989, Sgt. Michael Combs, Officer Robert Palmer, Sgt. Larry

Heintzelman, and Lt. Scott Mitchell, of the Allentown Police Department, as well as troopers from the Pennsylvania State Police arrived at 704 South Jefferson Street, Apartment no. 4, in the City of Allentown, at approximately 8:30 p.m. to execute a search warrant issued by District Justice Theodore Russiano. Defendant and others were inside Apartment 4 behind a locked front door. Sgt. Combs unlocked the door with the key previously obtained from the apartment complex supervisor, opened the door, announced "police, search warrant," and proceeded into the apartment. Prior to unlocking the door, the police did not knock or announce their purpose. The door by which the police entered the apartment opened directly into the apartment's living room where Officer Combs observed other individuals. Once inside the apartment, the police officers conducted a search of the premises and seized evidence which has been identified as Commonwealth's exhibits 1 through 23. Lt. Mitchell indicated that in drug search cases such as this, officers must also be on the lookout for possible weapons and must also be concerned regarding the preservation and/or destruction of evidence.

As noted previously, defense counsel did not move to suppress evidence seized in the search conducted until the close of the Commonwealth's case-in-chief. At the time the motion was made, the Commonwealth objected to, among other things, the untimeliness of said motion. Defense counsel argued that the motion had not been made previously because he was unaware how entry was gained until after Officer Palmer had testified at trial. The court ruled that the interests of justice required entertaining defendant's motion at the aforementioned time. However, the court denied defendant's motion,

proceeded with the trial and found defendant guilty after all the evidence was presented.

Two issues are before the court for disposition. First, has defendant waived his motion to suppress because said motion was not made until after all of the evidence relating to the execution of the search warrant had been presented at trial? The Pennsylvania Rules of Criminal Procedure provide that a motion to suppress shall be made in an omnibus pretrial motion, unless the opportunity did not previously exist or the interests of justice otherwise require. Pa.R.Crim.P.306. If timely motion is not made, the issue of suppression of such evidence shall be deemed to be waived. See Pa.R.Crim.P. 323(b). As stated aforesaid, this court held at trial that, in the interest of justice, defendant should be permitted in the interest of justice to present any other witness or witnesses to establish any additional facts the Commonwealth deemed necessary to justify the method of entry. The Commonwealth did not avail itself of this ruling and relied upon the established record. This court affirms its decision made at time of trial that the motion to suppress was not waived.

The remaining issue before the court is whether the actions of the police violated the "knock and announce" rule. Initially, we note that the authorization of entry given by an apartment building manager in a case such as this would not be effective against the defendant. *Commonwealth v. Cerulla,* 223 Pa. Super. 24, 27 n.5, 296 A.2d 858, 859 n.5 (1972), citing *Commonwealth v. Ellsworth,* 421 Pa. 169, 218 A.2d 249 (1966). Absent authorization to conduct a search, police must adhere to the "knock and announce" rule of the Fourth Amendment. Rule 2007 of the Pennsylvania Rules of Criminal Procedure constitutes a codification of the "an-

nouncement" rule. *Commonwealth v. Golden,* 277 Pa. Super. 180, 419 A.2d 721 (1980). This rule states:

"(a) A law enforcement officer executing a search warrant shall, before entry, give, or make reasonable effort to give, notice of his identity, authority and purpose to any occupant of the premises specified in the warrant, unless exigent circumstances require his immediate forcible entry.

"(b) Such officer shall await a response for a reasonable period of time after his announcement of identity, authority and purpose, unless exigent circumstances require his immediate forcible entry.

"(c) If the officer is not admitted after such reasonable period, he may forcibly enter the premises and may use as much physical force to effect entry therein as is necessary to execute the warrant." Pa.R.C.P. 2007.

The purpose of the "knock and announce" rule is to prevent violence and physical injury to the police and occupants, to protect an occupant's privacy expectation against unauthorized entry of persons unknown to him or her, and to prevent property damage resulting from forced entry. *Commonwealth v. Morgan,* 517 Pa. 93, 97, 534 A.2d 1054, 1056 (1987). Even where the police announce both their identity and purpose, forcible entry remains impermissible if the occupants of the premises sought to be entered have not been provided with the opportunity to relinquish the premises voluntarily. *Commonwealth v. DeMichel,* 442 Pa. 553, 561, 277 A.2d 159, 163 (1971).

We first address whether entry in this case, gained by opening the door with a passkey, constitutes a forcible entry. The mere fact that police are in possession of a passkey and did not have to resort to physical force to gain entry to private premises does not make their intrusion any less "forcible." An

unauthorized entry by means of a passkey is equivalent to a forcible entry. *Commonwealth v. Clemson,* 234 Pa. Super. 191, 338 A.2d 649 (1975); *Commonwealth v. Cerulla,* 223 Pa. Super. 24, 296 A.2d 858 (1972). The requirement that police officers give notice of their identity and purpose before attempting to enter private premises remains even though the occupant's door is unlocked by the police with a passkey. *Commonwealth v. Clemson, supra.*

Any authorization for the search intended to be granted by the apartment building on-site manager by his delivering a key to the officers is not effective against defendant to alleviate the requirement of the police officers in complying with the "knock and announce" rule. Lt. Scott Mitchell testified that once the door was unlocked, the officers opened the door and entered the apartment. No "knock and announce" was given before opening the door to the apartment. The announcement required by the "knock and announce" rule must precede an officer's opening of a door. *Commonwealth v. Golden,* 277 Pa. Super. 180, 184, 419 A.2d 721, 723 (1980). In *Golden,* the officers first knocked several times on the door prior to opening it also, the door was unlocked, and the Superior Court still stated that the announcement must precede the opening of a door. In this case, the officers neither knocked before opening the door nor was the door unlocked. In having the door locked, the occupants had taken steps to preserve their privacy. See *Commonwealth v. Perry,* 254 Pa. Super. 549, 386 A.2d 86 (1978) (holding that police may push open a door which is already partially opened for announcing identity, authority and purpose).

The "knock and announce" rule, however, is not absolute and four exceptions to the rule have devel-

oped on the basis of the reasonableness of the police officer's conduct in particular cases. The exceptions are (1) the police need not engage in the futile gesture of announcing purpose when the occupants of the premises remain silent after repeated knocking and identification; (2) the police are virtually certain that the occupants of the premises already know their purpose; (3) the police have reason to believe that an announcement prior to entry would imperil their safety; and (4) the police have reason to believe that evidence is about to be destroyed. *Commonwealth v. Morgan,* 517 Pa. 93, 97, 534 A.2d 1054, 1056 (1987). The Commonwealth argues that the search falls within either exception no. 3 or exception no. 4. As to the fourth exception, the mere fact that evidence being sought is easily destroyed does not suspend the "knock and announce" requirement. There must be some affirmative indication to support a belief that evidence is being destroyed. *Commonwealth v. Clemson, supra.*

Instantly, the only evidence on record pertaining to the concern regarding the preservation of evidence is the testimony of Lt. Scott Mitchell. Lt. Mitchell testified that the preservation of evidence is a chief concern in making a quick entry because officers generally hear flushing of drugs down the toilet as they enter a premises. In *Commonwealth v. DeMichel, supra,* the Supreme Court noted that there must be more than the presumption that the evidence would be destroyed because it could easily be done. *DeMichel* at 563, 277 A.2d at 164. Lt. Mitchell's concern is a general presumption regarding the destructibility of the type of evidence that was the subject of the search, which does not rise to the level of an affirmative indication that the evidence was being destroyed.

Exception no. 3 expresses an understandable concern for the potential harm and peril to the safety of the police. However, the officers must have a specific belief based upon the circumstances of the specific case. See *Commonwealth v. Stanley,* 498 Pa. 326, 446 A.2d 583 (1982). Once again, the only evidence on record is testimony to the effect that in situations involving drug search warrants or executing drug search warrants, police always have to be on the lookout for possible weapons because of the nature of the drug business. It should be noted again that the trial court granted the Commonwealth the privilege of presenting any additional evidence to justify the conduct of the policy in the manner in which the warrant was executed. We note that there is nothing else on the record pertaining to the specific circumstances of this case which would lead the officers to believe that weapons were inside the apartment. We therefore hold that the search does not fall within any of the exceptions to the "knock and announce" rule and that the entry into defendant's apartment was in violation of the defendant's Fourth Amendment rights.

The Commonwealth argues, and we readily recognize, that courts have not fashioned an automatic rule of exclusion of evidence for violations of the "knock and announce" rule. In fact, courts have made it clear that the execution of a search warrant which violates the rules of criminal procedure will not automatically require the exclusion of evidence so obtained. *Commonwealth v. Balliet,* 374 Pa. Super. 235, 542 A.2d 1000 (1988). Exclusions/suppression of evidence is an appropriate remedy only where the violation also implicates a fundamental, constitutional concern, is conducted in bad faith, or has substantially prejudiced the defendant. *Commonwealth v. Mason,* 507 Pa. 396, 490 A.2d 421

(1985). In the case at bar, there is no indication that the officers acted in bad faith; to the contrary, the officers had obtained a search warrant in conformance with the law, and said warrant averred probable cause for the search. We do believe, however, these circumstances present a classic example of a violation of fundamental constitutional concerns protected by the Fourth Amendment, specifically an occupant's privacy expectation against unauthorized entry by persons unknown to him.

We hold that the evidence seized by the unlawful, unauthorized search must be suppressed and grant defendant's post-trial motion for new trial. We further hold that the evidence seized by the search of the apartment shall be suppressed.

## ORDER

And now, February 27, 1991, after oral argument and for the reasons expressed in the accompanying opinion, it is ordered that the post-trail motion of defendant, Edwin Vega, for a new trial is granted.