393 A.2d 979

**COMMONWEALTH of Pennsylvania**

v.

**Martin BURSTIN, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1977.

Decided Nov. 1, 1978.

Robert A. Seewald, Pittsburgh, with him Seewald & Carb, Pittsburgh, for appellant.

G. Pruitt, Assistant District Attorney, with him Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Following a non-jury trial, appellant was convicted of bookmaking[1] and criminal conspiracy.[2] Appellant filed post-trial motions in arrest of judgment and for a new trial, which were denied. On appeal, appellant contends, *inter*

1. 18 Pa.C.S. § 5514.

2. 18 Pa.C.S. § 903.

*alia,*[3] that the suppression hearing judge erred in deciding that in executing a search warrant, police officers did not violate appellant's rights under the fourth amendment to the United States Constitution or Pa.R.Crim.P. 2007.[4]

The relevant facts are the following. On October 11, 1975, Officer James Toler of the Pittsburgh Police, accompanied by several other officers, went to 2130 Wightman Street to execute a search warrant. The residence was that of Elliot Druskin, believed to be conducting an illegal gambling operation. The officers knocked on the apartment door and announced their identity and purpose. They waited twenty seconds, during which time they overheard telephone conversations and noise of a television, before knocking again. Because there was no answer, the officers proceeded to kick in the door.

Although the officers did knock and announce their authority and purpose in accordance with the fourth amendment and Pa.R.Crim.P. 2007, appellant contends that they did not wait a reasonable time before effecting a forcible entry.

Appellant cites *Commonwealth v. DeMichel,* 442 Pa. 553, 277 A.2d 159 (1971), in support of his position. There,

**3.** Appellant raises additional assertions which this court finds unmeritorious, namely: (1) that the search of appellant, a guest on the premises, was unlawful, and (2) that the judge, having seen and heard inflammatory evidence during pre-trial proceedings, erred in refusing to recuse himself from sitting as the trier of fact. We need not address appellant's contention that there were no exigent circumstances to justify a forced entry due to our holding that the police waited a reasonable length of time prior to entering.

**4.** Pa.R.Crim.P. 2007 provides as follows:
"(a) A law enforcement officer executing a search warrant shall, before entry, give, or make reasonable effort to give, notice of his identity, authority and purpose to any occupant of the premises specified in the warrant, unless exigent circumstances require his immediate forcible entry.
(b) Such officer shall await a response for a reasonable period of time after his announcement of identity, authority and purpose, unless exigent circumstances require his immediate forcible entry.
(c) If the officer is not admitted after such reasonable period, he may forcibly enter the premises and may use as much physical force to effect entry therein as is necessary to execute the search."

the supreme court held that, "even where the police duly announce their identity and purpose, forcible entry is still unreasonable and hence violative of the Fourth Amendment if the occupants of the premises sought to be entered and searched are not first given an opportunity to surrender the premises voluntarily." 442 Pa. at 561, 277 A.2d at 163. The *DeMichel* court found a ten to fifteen second delay was insufficient. The court did not, however, specify an exact length of time that must follow the police knock and announcement before they may conclude that they will not be granted admittance and may force an entry. There is no requirement that officers postpone entry once they determine that further delay will be useless.

In the instant case, the occupants of the apartment were clearly within close proximity of the door; the officers were able to distinguish two male voices taking bets over the telephone. Detective Toler knocked and announced, "Police Officer, got a search warrant for bookmaking." The activity inside continued for approximately another twenty seconds before Toler knocked again. Then, having received no response, the officers kicked in the door. Therefore, the total time that passed between the original knock and announcement and entry, although not clear from the record, had to be in excess of twenty seconds, which, because of the supreme court's disposition in *Commonwealth v. Newman,* 429 Pa. 441, 240 A.2d 795 (1968), appellant urges is a per se unreasonably short delay. In *Newman,* the police officers knew that appellant was on the second floor of the residence. Thus, under those circumstances, twenty seconds would be an insufficient length of time for the appellant to answer the door on the first floor.[5]

There is clear evidence in the instant case that the occupants were close enough to the door that they could have responded to the police within the time allotted. Therefore, under the circumstances of this case, we find the delay was reasonably long enough to give the occupants sufficient time

5. It is also important to note that in *Newman,* as contrasted with the instant case, there was no announcement of purpose made.

to surrender the premises peaceably, and the warrant's execution was proper.

Judgment of sentence affirmed.

SPAETH, J., files a dissenting opinion.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

I dissent from the majority's holding that the search conducted in this case was not violative of the Fourth Amendment or Pa.R.Crim.P. 2007.

Contrary to the majority's conclusion, the facts here indicate that the police did not wait a reasonable time after announcing their presence before breaking into the residence in question here. *Commonwealth v. DeMichel,* 442 Pa. 553, 561, 277 A.2d 159, 163 (1971) stands for the proposition that, "even where the police duly announce their identity and purpose, forcible entry is still unreasonable and hence violative of the Fourth Amendment if the occupants of the premises sought to be entered and searched are not first given an opportunity to surrender the premises voluntarily." The majority points out that the officers "waited twenty seconds [after knocking on the apartment door and announcing their identity and purpose], during which time they overheard telephone conversations and noise of a television, before knocking again. Because there was no answer, the officers proceeded to kick in the door." The majority says that this is "clear evidence . . . that the occupants were close enough to the door that they could have responded to the police within the time allotted." I derive a different conclusion from the evidence. I believe the key point here is that the occupants did not have a chance to respond to the original knock and accompanying announcement because they did not hear them. The fact that the activities in the apartment continued unabated for an additional twenty seconds would seem to indicate that there was

no awareness of the police presence. Since the occupants did not know that the police were about to search the apartment, I do not see how the people here were "first given an opportunity to surrender the premises voluntarily." *Commonwealth v. DeMichel, supra.*