437 A.2d 996

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Larry WALLACE.**

Superior Court of Pennsylvania.

Argued Jan. 12, 1981.

Filed Nov. 30, 1981.

74

Dara A. DeCourcy, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

Vincent C. Murovich, Pittsburgh, for appellee.

Before SPAETH, SHERTZ, and MONTGOMERY, JJ.

SHERTZ, Judge:

This is an appeal by the Commonwealth [1] from an order granting Appellee's, Larry Wallace, motion to suppress evidence. The Commonwealth advances two arguments: (1) that because the "Knock and Announce" Rule is inapplicable to unoccupied dwellings, the lower court erred in invoking the rule in the instant case, and (2) that even assuming the applicability of the "Knock and Announce" Rule, the police

---

1. This Court's jurisdiction is invoked pursuant to 42 Pa.Cons.Stat. Ann. § 742 (Purdon 1981), the Order in question being deemed final in light of *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963), and the Commonwealth's right of appeal having vested in accordance with *Commonwealth v. Kunkel*, 254 Pa.Super.Ct. 5, 385 A.2d 496 (1978).

conduct in question was not a violation thereof. We disagree and affirm.

The relevant facts are as follows. Based upon information received from an informant, Margaret Perez, McKeesport police obtained a warrant to search Larry Wallace's apartment for drugs and drug related items. The police proceeded to Appellee's apartment, knocked on the door, and waited several minutes without getting a response. They then went to look for Appellee in a bar that he owned and operated on the first floor of the apartment building. Because Appellee was not there, a police officer asked the barmaid to telephone certain of Appellee's relatives to find out whether they could give the police access to Appellee's apartment. She did so, and Appellee's mother, sister and brother-in-law arrived at the bar soon thereafter. Although none had a key to the apartment, Appellee's brother-in-law entered Appellee's apartment through a window and unlocked the door from the inside. Without knocking or identifying themselves, the police then entered the apartment and searched it. Twenty-one manila envelopes containing marijuana and one pill containing methaqualone were seized.

Appellee was subsequently arrested and charged with four counts of promoting prostitution,[2] one count of corrupting the morals of a minor,[3] one count of criminal conspiracy[4] and three counts of violating the Controlled Substance, Drug Device and Cosmetic Act.[5] Following his arrest, Appellee filed an omnibus pre-trial motion to suppress. The motion was granted because the Commonwealth offered no testimo-

2. 18 Pa.Cons.Stat.Ann. §§ 5902(b)(1), (b)(2), (b)(6) & (b)(8) (Purdon 1979).

3. 18 Pa.Cons.Stat.Ann. §§ 6301 (Purdon Supp. 1981-82).

4. 18 Pa.Cons.Stat.Ann. 903(a)(1) (Purdon 1979). The charges of promoting prostitution, corrupting the morals of a minor, and criminal conspiracy were dismissed when the Commonwealth's key witness refused to testify against Appellee.

5. 35 Pa.Cons.Stat.Ann. §§ 780-113(a)(16) & (a)(30) (Purdon 1977).

ny to indicate that the police officers ever announced their identity or their purpose before forcibly entering Appellee's apartment. The lower court, therefore, found that the police had violated Pa.R.Crim.P. 2007, the "Knock and Announce" Rule. It is from that order that the Commonwealth has appealed.

Pa.R.Crim.P. 2007 provides in pertinent part that in executing a search warrant, a police officer "shall, before entry, give or make reasonable effort to give, notice of his identity, authority and purpose to any occupant of the premises specified in the warrant unless exigent circumstances require his immediate forcible entry." *See Commonwealth v. Burstin*, 259 Pa.Super.Ct. 584, 393 A.2d 979 (1978). It is undisputed that there was no announcement of purpose in the instant case. Nor were there any exigent circumstances that would justify entry without proper announcement. Rather, the Commonwealth advances the argument that the "Knock and Announce" Rule did not apply in the instant case. The Commonwealth reasons as follows. Both at common law and today, the "Knock and Announce" Rule serves three goals. It is aimed at "reducing the potential for violence to both the officers and occupants of the house, guarding against needless destruction of private property and furthering respect for individual privacy." *Commonwealth v. Duncan*, 257 Pa.Super.Ct. 277, 285–86, 390 A.2d 820, 825 (1978) (citing *United States v. Bustamante-Gamez*, 488 F.2d 4 (9th Cir. 1973), cert. denied, 416 U.S. 970, 94 S.Ct. 1993, 40 L.Ed.2d 559 (1973)). Because Appellee's apartment was unoccupied at the time of the police entry, none of the goals of the "Knock and Announce" Rule would have been served by requiring the police officers to announce their identity and purpose. Thus, the Commonwealth contends, the "Knock and Announce" Rule should not have applied in the instant case.

■ This argument is disingeneous. The police officers did not know that Appellee was away from his apartment

until they entered and searched it. The simple fact that there was no response to their knock was insufficient to establish Appellee's absence. As the trial court aptly stated, "(h)e could have been asleep, or avoiding an old girlfriend or a bill collector." Lower court slip op. at 3. Moreover, Appellee could have returned home between the time of the initial arrival of the police and their return to Appellee's apartment after making inquiries at the bar downstairs. Thus, the actions of the police officers in the instant case cannot be excused by the fact that ultimately Appellee's apartment was discovered to be unoccupied particularly when the officers did not even knock on Appellee's door after they returned to Appellee's apartment. We, therefore, conclude that the "Knock and Announce" Rule applied in the instant case and that the police conduct in question violated its clear mandates.

■ Turning to the Commonwealth's second argument, we also conclude that the unannounced intrusion by the police officers was not reasonable under the circumstances. As this court has stated on several occasions, it is not "too much to expect of the officers to announce their purpose in demanding admission .... 'the burden of making an express announcement is certainly slight. A few more words by the officers would have satisfied the requirements in this case.'" *Commonwealth v. Newman*, 429 Pa. 441, 447, 240 A.2d 795, 798 (1968) (quoting *Miller v. United States*, 357 U.S. 301, 309–10, 78 S.Ct. 1190, 1195–96, 2 L.Ed.2d 1332 (1958)); *Commonwealth v. Golden*, 277 Pa.Super.Ct. 180, 186, 419 A.2d 721, 724 (1980). There were no exigent circumstances sufficient to justify the officers' failure to comply with Rule 2007. Nor did the police have a reasonable belief that evidence was about to be destroyed or that delay in entry would endanger their lives. *Commonwealth v. Samuels*, 235 Pa.Super.Ct. 192, 203, 340 A.2d 880, 885 (1975). We, therefore, find no merit to the Commonwealth's contentions.

Accordingly, the order of the lower court is affirmed.