476 A.2d 1353

**COMMONWEALTH of Pennsylvania**

**v.**

**Donald CASON, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 29, 1983.

Filed June 1, 1984.

Petition for Allowance of Appeal Denied Oct. 1, 1984.

328

Gregory L. Heidt, Erie, for appellant.

Paul J. Susko, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before ROWLEY, WIEAND and HESTER, JJ.

WIEAND, Judge:

Donald P. Cason was tried by jury and was found guilty of receiving stolen property.[1] On direct appeal from the judgment of sentence, Cason contends that the stolen property found in his residence, as well as succeeding statements made to the police, should have been suppressed as products of an illegal search. He also contends that the trial court erred when it received, over objection, evidence of an oral statement made by appellant which had not been previously disclosed by the Commonwealth as a part of its response to a defense request for discovery. These contentions are without merit; and, therefore, we will affirm the judgment of sentence.

At approximately 11:00 p.m. on December 21, 1980, Louis Holland discovered that his residence at 124 East 25th Street, Erie, had been burglarized. He called the police, and two policemen arrived at the scene within ten minutes. Police inspection of the exterior of the residence disclosed footprints in the snow which led from the point of entry to the front door of 126 East 24th Street, where appellant resided. The prints evidenced a shoe having a distinctive ribbed pattern.

A nighttime search warrant was immediately requested and obtained for the residence at 126 East 24th Street. The affidavit for the search warrant recited: "Probable cause: footprints leading from scene of burglary at 124 E. 24th [sic]. Footprints have very distint [sic] pattern, pattern (ribbed) prints left scene leading up to the door (front) at 126 E. 24th. These footprints are believed to be the same as the ones that were found at the west entrance where the illegal entry was gained." The warrant was executed at 1:04 a.m., December 22, 1980, and various items of stolen property were found in appellant's residence. These items, as well as shoes which matched the distinctive pattern observed in the snow, were seized. After appellant had been arrested and transported to the police station, he made both oral and written statements of an incriminating nature.

1. 18 Pa.C.S. § 3925.

It is appellant's contention that the affidavit failed to contain facts sufficient to support a nighttime search under Pa.R.Crim.P. 2003. He argues that this rendered the search illegal and should have compelled the trial court to suppress the evidence seized and the incriminating statements thereafter made. There is no merit in these contentions.

■ The affidavit clearly contained sufficient facts to demonstrate probable cause for believing that property stolen earlier the same night from a neighboring residence was located in appellant's dwelling house. The affidavit reflected that the theft had been committed only a few hours before the request for a warrant was made. Because the lapse of time had been so brief, it was apparent to any reasonable person that if the police moved quickly, there was a good chance that the stolen property would be recovered before it could be moved or sold. This was reasonable cause to conduct an immediate, nighttime search of appellant's residence. Because the dangers inherent in delaying the search until daylight were obvious, the sufficiency of the affidavit was not destroyed by the failure to recite therein that delay would increase the opportunity for disposing of the stolen property. The circumstances recited in the affidavit were adequate to permit a finding that an immediate search was necessary. See and compare: *Commonwealth v. Crawford*, 320 Pa.Super. 95, 466 A.2d 1079 (1983); *Commonwealth v. Moretti*, 280 Pa.Super. 167, 421 A.2d 458 (1980); *Commonwealth v. Prokopchak*, 279 Pa. Super. 284, 420 A.2d 1335 (1980).

■ In *Commonwealth v. Johnson*, 315 Pa.Super. 579, 462 A.2d 743 (1983), this Court observed that the rights conferred by Pa.R.Crim.P. 2003 were not constitutional in dimension. It held, therefore, that a violation "will not result in the exclusion of evidence seized absent a showing that the defendant's constitutional rights have been otherwise violated by the search." *Id.*, 315 Pa.Superior Ct. at 589, 462 A.2d at 748. In the instant case, the probable cause for issuance of a warrant was great. There was no

basis for finding that appellant's Fourth Amendment right to be free from unreasonable searches and seizures had been violated. Therefore, even if the request for a night-time search had not been as carefully drawn as it might have been, the court did not err when it refused to suppress the stolen property recovered during the search of appellant's home or the incriminating statements which appellant thereafter made.

At trial, the prosecutor introduced into evidence shoes which had been seized during the search. An investigating officer testified that appellant had admitted that the shoes belonged to him. Appellant objected to this testimony on grounds that the Commonwealth had not disclosed the substance of the statement in response to his demand for continuing discovery under Pa.R.Crim.P. 305. The prosecutor said that he "had no idea until today" that such a statement had been made by appellant.

■■■ The trial court has broad discretion in determining the remedy to be applied in the event there is a failure to comply fully with a demand for discovery. Pa.R.Crim.P. 305 E. In this case the Commonwealth had given the defense a copy of appellant's written statement and had disclosed his oral statement as well. The Commonwealth had also disclosed that "defendant's shoes" constituted tangible evidence which the Commonwealth had in its possession and intended to use at appellant's trial. Thus, the defense was neither surprised nor prejudiced by the Commonwealth's failure to disclose an incidental, oral statement made by appellant during a police search of his premises to the effect that the ribbed shoes belonged to him. His oral admission of ownership was competent evidence, and the trial court did not abuse its discretion in allowing it to be received and considered by the jury.

■■■ The admission of this evidence, moreover, was cumulative of other evidence and harmless beyond a reasonable doubt. The investigating officer had previously testified that he followed footprints in the snow to appellant's front

door and that he had asked appellant to show him the shoes he had been wearing earlier that night. The shoes shown to the police by appellant had been seized, and at trial they were produced, marked as an exhibit, and received in evidence without objection. Appellant's oral admission that the shoes were his, as subsequently testified to, was cumulative of this earlier evidence. Because it was merely cumulative of other persuasive evidence which had been properly received, the receipt of this evidence, even if subject to objection because not disclosed pre-trial, was harmless. See: *Commonwealth v. Norris,* 498 Pa. 308, 317–318, 446 A.2d 246, 250 (1982); *Commonwealth v. Story,* 476 Pa. 391, 411, 383 A.2d 155, 165 (1978); *Commonwealth v. Nicholson,* 308 Pa.Super. 370, 383 n. 8, 454 A.2d 581, 587 n. 8 (1982).

The judgment of sentence is affirmed.