481 A.2d 352

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Jeffrey L. MOURAR.**

Superior Court of Pennsylvania.

Argued Jan. 31, 1984.

Filed Aug. 24, 1984.

Petition for Allowance of Appeal Denied Nov. 27, 1984.

Sandra L. Elias, Deputy District Attorney, Media, for Com., appellant.

Nicholas J. Caniglia, Wayne, for appellee.

Before SPAETH, President Judge, and BECK and HOFF-MAN, JJ.

SPAETH, President Judge:

This appeal is from an order suppressing evidence. The trial court ordered the evidence suppressed because it found that the search warrant was executed after 10 p.m. although the Commonwealth in the affidavit in support of the warrant did not request authority for a nighttime search, as required by Rule 2003(c) of the Pennsylvania Rules of Criminal Procedure. We hold that despite the Commonwealth's violation of Rule 2003(c), the evidence should not have been suppressed. The trial court's order will therefore be reversed and the case remanded for further proceedings.

■ We must first decide whether the order suppressing evidence is appealable. (Appellee has filed a motion to quash the appeal, but even without such a motion, we should have to decide appealability.) In *Commonwealth v. Lapia*, 311 Pa.Super. 264, 270, 457 A.2d 877, 880 (1983), we held that "an order suppressing evidence is appealable when it is apparent from the record that the order terminates or substantially handicaps the prosecution." Here, appellee was charged with possession of, and possession with intent to deliver, controlled substances. In executing the warrant, the police found marijuana, cocaine and drug paraphernalia. Without this evidence the prosecution of appellee would have to be terminated. As we said in *Lapia*, "[T]he Commonwealth cannot prove a defendant's possession of a controlled substance unless it can prove that it took the substance from the defendant." 311 Pa.Super. at 282–283, 457 A.2d at 885. The order suppressing the evidence is therefore appealable, and appellee's motion to quash will be denied.

■ Rule 2003(c) of the Pennsylvania Rules of Criminal Procedure provides that "[n]o search warrant shall autho-

rize a nighttime search unless the affidavits show reasonable cause for such nighttime search." "Nighttime" is between the hours of 10 p.m. and 6 a.m. *See* Pa.R.Crim.P. 2005(e) ("daytime" is between the hours of 6 a.m. and 10 p.m.). "Reasonable cause" for a nighttime search, as distinguished from probable cause to search, means reasons why the search cannot wait until morning. *Commonwealth v. Baldwin*, 253 Pa.Super. 1, 4, 384 A.2d 945, 947 (1978).

In ordering the evidence suppressed, the trial court recognized our decision in *Commonwealth v. Johnson*, 315 Pa. Super. 579, 462 A.2d 743 (1983), but found it "factually and legally distinguishable." Slip op. at 13. We have concluded, however, that *Johnson* is controlling.

In *Johnson*, the police, on the basis of an informant's tip, applied for a search warrant sometime after 10 p.m. The affidavit requested a nighttime search warrant, and the warrant was executed at about 10:55 p.m. Here, a police informant purchased marijuana from appellee at about 8:30 p.m. Shortly thereafter, the police obtained the search warrant. The affidavit in support of the warrant did not request authority for a nighttime search. The trial court, after hearing conflicting testimony, found that the warrant was nevertheless executed after 10 p.m.[1] Thus, there are differences between *Johnson* and this case: in *Johnson* the police applied for the warrant after 10 p.m. (here, they applied before 10 p.m.), and in *Johnson* the affidavit requested authority for a nighttime search (here, there was no such request). These differences, however, are factual only, and do not support a legal distinction.

1. The Commonwealth argues that the trial court's finding that the search was after 10 p.m. is not supported by the record. It relies on the fact that the inventory receipt states that the search began at 9:45 p.m. That was the time the police officer recalled commencing the search. Two witnesses testified for appellee, however, that the police arrived after 10 p.m. They stated that they were with appellee in his room watching "Hill Street Blues" when the search commenced. Since the trial court's finding that the search began after 10 p.m. therefore *is* supported by the record, we are bound by it. *Commonwealth v. Lapia*, 311 Pa.Super. 264, 282–283, 457 A.2d 877, 885–86 (1983).

■ In *Johnson,* the Commonwealth failed to show reasonable cause for the nighttime search, that is, its affidavit did not state why the search could not wait until morning. Similarly, here the affidavit did not state why the search could not be conducted either before 10 p.m. or wait until morning. Thus, in both *Johnson* and this case the affidavit in support of the search warrant did not conform to the requirements of Rule 2003(c). In *Johnson* we held that despite this failure to conform to Rule 2003(c), the evidence should not be suppressed. In reaching this conclusion, we relied on cases holding that suppression is not warranted when the rule that has been violated establishes standards stricter than are required by either the United States or Pennsylvania Constitution. For example, the Commonwealth's failure to comply with the verification of inventory requirements of Rule 2009(a) does not warrant suppression. *Commonwealth v. Jones,* 245 Pa.Super. 487, 369 A.2d 733 (1977). In contrast, failure to comply with the knock-and-announce requirement of Rule 2007 requires suppression, for "Rule 2007 represents a codification of the announcement rule required by the Fourth Amendment to the United States Constitution." *Commonwealth v. Golden,* 277 Pa. Super. 180, 184, 419 A.2d 721, 723 (1980) (collecting cases). *Accord, Commonwealth v. Wallace,* 293 Pa.Super. 73, 437 A.2d 996 (1981). As we explained in *Commonwealth v. Jones, supra,* the Supreme Court may in the exercise of its rulemaking power provide that suppression is the sanction for violation of a rule that establishes stricter than constitutional requirements, but this court, lacking such rulemaking power, may not. When these principles are applied here, it is apparent that suppression is not warranted. The rule violated, Rule 2003(c), establishes stricter than constitutional requirements, and the Supreme Court has not provided that suppression is the sanction for violation of the rule.

The trial court states that in contrast to *Johnson,* the search here violated appellee's constitutional rights. The court does not, however, explain how it is a violation of one's constitutional rights to fail to request a nighttime search warrant when, assuming probable cause to make the

search, it is not a violation of one's constitutional rights to request a nighttime search warrant but to fail to state why the search could not wait until morning, which was the case in *Johnson*. Nor are we able to suggest an explanation; we believe that the two situations are legally indistinguishable.[2]

Some confusion may have been caused by a footnote in *Commonwealth v. Baldwin, supra*. The footnote, cited by the trial court and referred to in *Johnson*, is:

In *Commonwealth v. Doe*, 1 Pa.D. & C.3d 44 (C.P.Cumberland) and *Commonwealth v. Doe*, 1 Pa.D. & C.3d 312 (C.P.Cumberland 1977), the suppression court properly perceived the probable cause reasonable cause distinction in Rule 2003(c), and suppressed evidence seized pursuant to warrants authorizing nighttime searches. However, the basis for the court's holding that no reasonable cause existed was the fact that the warrants had been issued in the daytime and not executed until nighttime, an element absent from the present case. *Commonwealth v. Baldwin, supra*, [253 Pa.Super.] at 5 n. 3, 384 A.2d at 947 n. 3.

Admittedly, the last sentence of this footnote suggests that it makes a difference whether the warrant is issued in the daytime or not until the nighttime when the affidavit fails to state why the search could not wait until morning. The suggestion, however, is unsupportable; there is no reason why it should make a difference. Moreover, the suggestion was unnecessary to the decision: in *Baldwin* the warrant was issued in the nighttime so that there was no occasion to

---

**2.** In support of its statemer . that the search violated appellee's constitutional rights, the trial court cites *United States ex rel. Boyance v. Myers*, 398 F.2d 896 (3d Cir.1968). There, in reversing a denial of habeas corpus relief, the Court of Appeals held a search conducted during the early morning hours to be constitutionally infirm. The search warrant had been obtained at 1 a.m. and was limited to "search in the daytime." However, the officers arrived at the house to be searched at 2:30 a.m. and entered the house by force. The question was the reasonableness of the search for constitutional purposes. While the court emphasized the time of the search, it is evident that the fact that the search occurred after the occupants had retired and after forcible entry by the police contributed to the court's conclusion that the search was unreasonable.

consider whether our decision would have been different had it been issued in the daytime. Finally, in *Baldwin* we held that the failure of the affidavit to state why the search could not wait until morning, *i.e.,* the violation of Rule 2003(c), did not justify suppression. That is what we hold here.

This conclusion, however, is not dispositive. The evidence still must be suppressed if in fact the Commonwealth did violate appellee's constitutional rights—as distinguished from its violation of Rule 2003(c). In his motion to suppress appellee alleged a violation of his constitutional rights, claiming that the Commonwealth failed to establish probable cause for the search and that the police failed to knock and announce their identity when they arrived to conduct the search. Because it relied solely upon the Commonwealth's violation of Rule 2003(c), the trial court did not consider these claims. We shall therefore remand so that the court may consider them.

Appellee's motion to quash is denied; the trial court's suppression order is reversed; and the case is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.