632 A.2d 573

COMMONWEALTH OF PENNSYLVANIA

v.

Antonio GENTILE, Appellant.

Superior Court of Pennsylvania.

Argued Aug. 31, 1993.

Filed Oct. 20, 1993.

Jerome Deriso, Pittsburgh, for appellant.

Kemal A. Mericli, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before ROWLEY, President Judge, and WIEAND and CIRILLO, JJ.

WIEAND, Judge:

Antonio Gentile was tried non-jury and was found guilty of unlawful gambling and criminal conspiracy.[1] Post-trial motions were denied, and Gentile was sentenced to pay a fine of five thousand ($5,000.00) dollars and serve an aggregate term of probation for two and one-half (2½) years. On direct appeal from the judgment of sentence, Gentile asserts that the suppression court erred by refusing to suppress evidence seized by police in a search conducted during nighttime hours, when the warrant authorizing the search, by its terms, authorized only a daytime search. After careful review, we affirm the judgment of sentence.

In reviewing the denial of a defendant's motion to suppress evidence, this Court will

consider only the evidence presented by the prosecution, and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. Assuming that there is support in the record for the suppression court's findings, we are bound thereby and may reverse only if the legal conclusions drawn from those facts are in error.

*Commonwealth v. Pestinikas*, 421 Pa.Super. 371, 390, 617 A.2d 1339, 1349 (1992) (en banc). "[D]eterminations of credibility of witnesses, as well as the weight placed upon their testimony, is exclusively [within] the province of the suppression court." *Commonwealth v. Rogers*, 419 Pa.Super. 122, 137, 615 A.2d 55, 62 (1992).

The facts in the instant case are that, on May 17, 1991, Sergeant William Thomas of the Pittsburgh Police Department presented an application for a search warrant to the Honorable Robert Dauer, seeking authorization from the court to search the second floor of premises located at 4800 Penn

---

1. Gentile was tried jointly with his co-conspirator, Harry James Stein. Stein, who was also convicted of gambling and conspiracy, has appealed to this Court at J. A36020/93; No. 1534 Pittsburgh, 1992.

Avenue and occupied by appellant and Harry Stein. The warrant was sought on the basis of information that appellant and Stein were there running an illegal gambling operation. The application for search warrant specifically requested a nighttime search. In support of this request, the affidavit of probable cause recited that the gambling activities at the premises started late in the evening, with most of the players arriving after 11:00 p.m. Nevertheless, the warrant which was issued by Judge Dauer specifically authorized a daytime search. Testimony at the suppression hearing by Sergeant Thomas indicated that he inadvertently had completed the wrong pre-printed section of the search warrant by filling in the date in the section provided for daytime searches, rather than in the section provided for nighttime searches. The warrant was issued by Judge Dauer on May 17, 1991 and was executed by police at 12:30 a.m. on May 18, 1991.[2]

The suppression court specifically found that the search had not occurred within the hours specified in the warrant, but nevertheless refused to suppress the evidence seized on

2. The search warrant issued in this case appears as follows:

### SEARCH WARRANT

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ALLEGHENY                    SS:
CITY OF PITTSBURGH

TO LAW ENFORCEMENT OFFICER: WILLIAM THOMAS

WHEREAS, facts have been sworn to or affirmed before me by written affidavit(s) hereto from which I have found probable cause, I do authorize you to search the following described premises or person: 4800 PENN AVE. WHICH IS A TWO STORY RED BRICK BUILDING FIRST FLOOR OCCUPIED BY RIEMERS LIMOUSINE SERVICE A BLUE DOOR ON PENN AVE. SIDE LEADING TO THE SECOND FLOOR, SECOND FLOOR TO BE SEARCHED

and to seize, secure, inventory, and to make return according to the Pennsylvania Rules of Criminal Procedure, the following items:

GAMBLING DEVICES TO INCLUDE DICE, CARD, MONIES, CHIPS, RECORDS, AND INDICA

COMPLETE ONLY    This warrant should be served as soon as practicable, but
FOR DAYTIME      in no event later than MAY 19 1991. and may be served
SEARCHES         only during the daytime hours of 6:00 a.m. to 10:00 p.m.

grounds that suppression was not an appropriate remedy for a violation of the rules of criminal procedure governing nighttime searches. The court reasoned as follows:

The rule itself does not provide for suppression as a sanction. We are, therefore, left with the question of whether the search was so unreasonable as to violate the defendants' constitutional rights. We find in this case that it was not for the following reasons:

(1) The affidavit of probable cause supporting the application for the search warrant indicates that the alleged gambling starts in the late evening and that most of the players arrive after 11:00 p.m.

(2) In the affidavit supporting [the] warrant, the petitioner requests a nighttime search;

(3) Judge Dauer's initials appear immediately under the paragraph requesting a nighttime search;

(4) The block on the face of the application indicating that a nighttime search is requested is checked.

(5) Sgt. William Thomas of the Pittsburgh Police Department testified that the warrant limited the search to daytime hours contrary to the specific request for a nighttime search because he inadvertently completed the wrong preprinted section of the warrant. While the Commonwealth is bound by the specific language of the warrant, the court finds that it is proper to consider the officer's testimony in determining whether the violation of the daytime search provision is so unreasonable as to require suppression.

For these reasons, the court concludes that the search occurring shortly after midnight in this matter was not so

| COMPLETE ONLY | This warrant should be served as soon as practicable, but |
|---|---|
| FOR NIGHTTIME | in no event later than _____ 19___. and may be |
| SEARCHES | served at any time during the day or night. |

CITY OF PITTSBURGH    Issued under my hand this 17th day of May

MAGISTRATE    1991 at ___ 11:20 A.M. o'clock, a.m./p.m.

PUBLIC SAFETY BUILDING

PITTSBURGH, PA. 15219

     SEAL                 (Time of issuance must be specified).

                           /s/ Robert E. Dauer

                           Signature of issuing authority

unreasonable as to violate the defendants' constitutional rights and warrant suppression.

Pa.R.Crim.P. 2003, which sets forth the requirements for issuance of a search warrant, provides, in pertinent part, that "[n]o search warrant shall authorize a nighttime search unless the affidavits show reasonable cause for such nighttime search." Pa.R.Crim.P. 2003(c). The Comment to Rule 2003(c) states:

> (c) This section imposes a new requirement in Pennsylvania practice. The requirement of a showing of reasonable cause for a nighttime search highlights the traditional doctrine that nighttime intrusion into a citizen's privacy requires greater justification than an intrusion during normal business hours.

" 'Reasonable cause' for a nighttime search, as distinguished from probable cause to search, means reasons why the search cannot wait until morning." *Commonwealth v. Mourar*, 332 Pa.Super. 258, 261, 481 A.2d 352, 353 (1984). See also: *Commonwealth v. Baldwin*, 253 Pa.Super. 1, 384 A.2d 945 (1978). With respect to nighttime searches, Pa.R.Crim.P. 2005(e) provides further as follows:

**Rule 2005. Contents of Search Warrant**

Each search warrant shall be signed and sealed by the issuing authority and shall:

.   .   .   .

(e) Direct that the warrant be served in the daytime unless otherwise authorized on the warrant, PROVIDED THAT, for purposes of the Rules of Chapter 2000, the term "daytime" shall be used to mean the hours of 6 a.m. to 10 p.m.

Pa.R.Crim.P. 2005(e).

In *Commonwealth v. Mason*, 507 Pa. 396, 490 A.2d 421 (1985), the Supreme Court "reject[ed] the automatic application of the exclusionary rule to suppress evidence seized pursuant to a search which in some way violates the Pennsylvania Rules of Criminal Procedure relating to the issuance and

execution of search warrants." *Id.* at 401, 490 A.2d at 423. Instead, the Supreme Court declared that:

> [E]xclusion/suppression of evidence is not an appropriate remedy for every violation of the Pennsylvania Rules of Criminal Procedure concerning searches and seizures. It is only where the violation also implicates fundamental, constitutional concerns, is conducted in bad-faith or has substantially prejudiced the defendant that exclusion may be an appropriate remedy.

*Id.* at 406–407, 490 A.2d at 426. See also: *Commonwealth v. Musi,* 486 Pa. 102, 115–116, 404 A.2d 378, 384–385 (1979).

Both the Supreme and Superior Courts have held that suppression of evidence is not mandated where a violation of the rules of criminal procedure governing nighttime searches has occurred. In *Commonwealth v. Johnson,* 315 Pa.Super. 579, 462 A.2d 743 (1983), the Superior Court determined that a warrant authorizing a nighttime search had violated Pa. R.Crim.P. 2003(c) because the affidavit of probable cause failed to establish reasonable cause to justify a nighttime search. The Court held, however, that a violation of Rule 2003(c) did not per se require suppression of the evidence seized by police. In so holding, the Court reasoned as follows:

> [W]hile there is no direct authority regarding the proper remedy to be applied for a violation of Pa.R.Crim.P. 2003(c), our review of those decisions which have considered sanctions to be imposed for analogous violations of the procedural rules lead us to conclude the following: Where a rule represents a codification of Fourth Amendment requirements, e.g., the knock and announce rule, its violation will result in exclusion of evidence. Where, however, the rule goes beyond the requirements of the Fourth Amendment, e.g., verification of inventory rule or rule requiring police to leave a copy of the search warrant and affidavit, its violation will not result in suppression unless (1) there is a particular rule mandating suppression, or (2) the defendant's constitutional rights have been otherwise violated. We agree with Judge Spaeth's dissent in *Commonwealth v. Ehredt* [255 Pa.Super. 84, 386 A.2d 147 (1978) ], *supra,* which concludes that a violation of Pa.R.Crim.P. 2003(c) fits into the latter

category. In our opinion, that rule represents merely the showing which must be made before a nighttime search may be conducted and does not derive from the Fourth Amendment. A technical failure to comply with the rule, therefore, will not result in the exclusion of evidence seized absent a showing that the defendant's constitutional rights have been otherwise violated by the search.

*Id.* at 588–589, 462 A.2d at 748 (footnotes omitted). See also: *Commonwealth v. Mourar, supra; Commonwealth v. Cason,* 328 Pa.Super. 326, 476 A.2d 1353 (1984).

A similar result was reached by the Supreme Court in *Commonwealth v. Young,* 524 Pa. 373, 572 A.2d 1217 (1990), where a violation of Pa.R.Crim.P. 2005(e) was found not to constitute a basis for the suppression of evidence seized during execution of a search warrant which had been improperly served at night. The *Young* Court reasoned as follows:

The appellant also contests the legality of this search warrant because it was served at 4:50 a.m. The appellant relies upon Pa.R.Crim.P. 2005(e) for exclusion of the evidence obtained because that rule specifically requires a search warrant be served between 6 a.m. and 10 p.m. Under this rule, searches may be conducted outside the time frame provided, when authorized by the issuing body. Thus this deviation must be considered technical since it has not been alleged such authorization, if requested, would not have been granted. Nor has appellant shown how he was disadvantaged as a result of this violation. A technical violation alone should not justify exclusion of such evidence. *See, Commonwealth v. Johnson,* 315 Pa.Super. 579, 462 A.2d 743 (1983); *Commonwealth v. Mourar,* 332 Pa.Super. 258, 481 A.2d 352 (1984). Without the implication of a constitutional right such a violation must be considered harmless error. *Commonwealth v. Revtai,* 516 Pa. 53, 532 A.2d 1 (1987); *Commonwealth v. Mason,* 507 Pa. 396, 490 A.2d 421 (1985).

*Id.* at 387–388, 572 A.2d at 1224 (footnote omitted).

Applying the rationale of the foregoing decisions of the Supreme and Superior Courts, it seems clear that the suppres-

sion court did not err by refusing to suppress the evidence of illegal gambling activities seized by police from the premises occupied by appellant and his co-defendant. Although the warrant issued by Judge Dauer authorized a search only during daytime hours, it is clear that the police had requested and had set forth reasonable grounds for the issuance of a nighttime warrant. Moreover, the issuance of a daytime, rather than a nighttime, search warrant was the result of inadvertence on the part of the police officer, rather than a determination by the issuing authority that a nighttime search warrant was not justified under the circumstances. We conclude, under these circumstances, that the violation of procedural rules which occurred in this case did not implicate any constitutional rights. Appellant failed to demonstrate anything more than an inadvertent and technical violation of the rules adopted by the Supreme Court for the issuance and execution of search warrants in this Commonwealth.

The judgment of sentence is affirmed.